AMOS J. JAQUES *vs.* THE BRIDGEPORT HORSE-RAILROAD COMPANY.

A court having regular terms has no power to adjourn to a time after the commencement of another regular term of the same court in the same county, where both terms are of the same character.

And it makes no difference that the adjournment is had for the purpose of completing the trial of a single case already commenced, and that all the other cases are continued.

Where a judge, by agreement of parties, goes on with the hearing of a case and renders judgment after the close of a term, the judgment is rendered as of the term, and the agreement of the parties is the sole authority for the proceeding.

A civil term may be continued into or adjourned beyond a regular criminal term of the same court in the same county, and *vice versâ.*

TRESPASS ON THE CASE for an injury from the negligence of the defendants in not keeping the track of their road in proper repair; brought to the Superior Court in Fairfield County, and heard in damages, after a demurrer of the defendants overruled, by *Martin, J.*

The case was heard at the October term of the court, 1874. The judge of the court who had been regularly assigned to hold the October term, and who had held and was still holding the same, began the hearing in damages in the case on the 17th day of November, and continued the hearing until the 19th day of November, when, by reason of judicial duties elsewhere, he was obliged to suspend the hearing, and

Jaques *v.* Bridgeport Horse-Railroad Company.

accordingly adjourned the same, and the October term of the court, until the 5th day of January, 1875, for the sole purpose of completing the hearing in damages in this case, and for the transaction of no other business whatsoever, the judge distinctly announcing this to all parties interested in the business of the court.   Neither party to this action objected at this time to such adjournment.

Upon the opening of the court at the time to which it had been adjourned, on the 5th day of January, 1875, the counsel for the defendants objected to any further hearing in damages in the case by the court, on the ground that the court could not lawfully sit or do any business on and after that day, as the December term, 1874, of the court then was, and for some days previously had been, in session in the county.   But the judge who had commenced the hearing in damages being then present and holding the court, directed the parties to proceed with the hearing, and thereupon the hearing in damages was proceeded with before said judge, who continued the hearing and the court by regular adjournments for many days thereafter, heard the plaintiff and defendants with their witnesses and the arguments of counsel, and rendered judgment for the plaintiff to recover of the defendants the sum of $5,600 with costs of suit.

The defendants moved for a new trial for error in the above ruling and action of the court.   Other questions were made upon the motion, which it is not necessary to state, in the view of the case taken by this court.

*G. H. Watrous* and *G. Stoddard,* in support of the motion.

*H. S. Sanford,* contra.

PARK, C. J.   The question in this case is, whether the judge of the Superior Court, holding the October civil term of the court in Fairfield County, had power to adjourn the court to the 5th day of January following, for the purpose of completing the hearing of the present case, when there was another civil term of the same court to be holden by law on the second

Tuesday of December. It appears that the adjournment was made without any agreement of the parties, though without any objection made at the time; but that, when the day to which the court was adjourned arrived, and the judge was about to proceed with the hearing, the counsel for the defendants protested against the proceeding, and claimed that the judge had no further jurisdiction of the case, on the ground that the adjournment of the October term to a time beyond the commencement of the December term was unauthorized by law, and consequently of no effect. But the judge decided to go on and hear the case, which was done; and the question is, whether he had power to do so.

It sometimes happens that during the session of a court, the parties to a cause pending in it agree that the judge holding the court may hear the case after the term shall have ended, and render judgment as of the term. But in such cases the judge derives his authority in the matter from the agreement of the parties, and not from any supposed continuance of the term. But that was not this case. Here there was no agreement that the judge might hear the case after the close of the term. The judge himself did not treat it as such a case, but attempted to adjourn the court itself to the time fixed for taking up the trial, and he went on with the trial against the protest of the defendants, and wholly upon his supposed authority to adjourn the October term of the court into, or beyond, the December civil term of the same court.

We think this could not be done. The regular terms of the Superior Court are fixed by statute to commence at definite times, and all cases continued in the court go from one term to another in regular succession, which could not be done if one civil term could be carried into or beyond another term of the same character. Although all the causes pending in the court might be continued by order of the court, except certain specified ones, still the judge continues to have control over his orders and judgments during the term, and while it continues he may revoke them as occasion may require. This is every day's practice. The business of the court could not be successfully carried on unless the judge had this control

over his own orders and decrees during the term. Hence, if the October term of the court in this case was in existence on the 5th day of January, 1875, all the entries of causes continued to the December term, 1874, might have been revoked, and the causes brought back into the docket of the court. Suppose this had been done, and suppose that some of the cases which had been continued had been tried at the December term, what would have become of them, and what would have become of the December term? It is easy to see that a judge would have it in his power in such a case to nullify, in effect, not only the next succeeding term, but many succeeding terms, so far as the old cases are concerned, by continuing his own term; for if he can continue one case with his term, he can just as well continue all the cases upon the docket. And if there were no other objection, it is manifest that great confusion would result from such a practice. If one term can thus be continued, so could all the terms in the county, and the result would be that many regular terms of the same court might be in existence at the same time in the same county, and it would be impossible to know to what term a case belonged. We are satisfied that one regular civil term of the court cannot be continued after the time prescribed for the commencement of another regular civil term in the same county.

This conclusion does not apply to terms of different character. One criminal term may be continued beyond, and may be in existence after, the beginning of a regular civil term, and so a civil term may run into or beyond a criminal term of the same court in the same county.

The view we have taken of this question renders it unnecessary to consider the other questions in the case.

A new trial is advised.

In this opinion the other judges concurred.