JOSEPH LAWRENCE vs. MICHAEL CANNAVAN.

Third Judicial District, Bridgeport, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Section 510 of the General Statutes provides that the trial of a cause in the Superior Court or Court of Common Pleas may be continued after the expiration of the term at which it was begun, but that the trial shall end and judgment be rendered before the close of

the next term. *Held* that a judgment after the close of the term following that in which the trial commenced, was irregular and erroneous, unless rendered with the express or implied consent of both parties.

In the present case, in the Court of Common Pleas, the parties agreed at the close of the evidence on October 9th, that written arguments should be submitted thereafter, and oral arguments as well, if desired by court or counsel. In the following June, and after several terms of court had intervened, the case was assigned for oral argument, but was continued at the request of the defendant's counsel until July 3d, when he declined to argue the case and objected to any further proceedings. *Held :* —

1. That it could not fairly be inferred from the defendant's conduct prior to the close of the November term, that he had consented to the rendition of judgment after the close of that term—the limit prescribed by the statute.

2. That if his request for a continuance in June implied an assent to the rendition of a judgment thereafter, it did not appear that the plaintiff was so misled to his prejudice as to estop the defendant from objecting to further proceedings in July.

Argued November 5th—decided December 18th, 1903.

ACTION for an accounting and for the recovery of the sum found due thereon, brought to the Court of Common Pleas in New Haven County and tried to the court, *Hubbard, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant, upon the ground that the judgment was rendered after the time allowed therefor by statute had expired. *Error and cause remanded.*

*Charles S. Hamilton,* for the appellant (defendant).

*Richard H. Tyner* and *Arthur G. Fessenden,* for the appellee (plaintiff).

HALL, J. This action was brought to the January term, 1897, of the Court of Common Pleas for New Haven county, terms of which are required by statute to be held on the first Mondays of January, March, May and November, and on the third Monday of September.

The judgment file, dated July 23d, 1903, states that the case came by legal continuances to that time, when the par-

ties appeared and were fully heard, and judgment was rendered for the plaintiff for $538.90 and costs.

In the finding the following facts appear: The evidence in the case was heard by the court (*Hubbard, J.*) on the 8th and 9th of October, 1902. For convenience of counsel, it was agreed on the last day of the hearing that written arguments should be submitted, and that oral arguments might be made at a later date, if desired by the court or by counsel. Written arguments were submitted by both parties on the 24th of October, 1902. The court requested oral arguments to be made, but fixed no time for hearing such arguments, until, on a regular assignment day, the case, without objection from either party, was assigned for hearing on June 12th, 1903, but at the request of counsel for defendant was continued from that date from time to time until July 3d, 1903, when, at a special session of the court held by *Judge Hubbard* for the purpose of hearing oral arguments, both parties appeared, and the defendant objected to further proceedings and declined to argue the case. The court thereupon on said day heard the oral argument of the plaintiff, and on the 23d of July, 1903, rendered judgment as aforesaid.

It is claimed that under the statute such judgment is either void for want of jurisdiction, or erroneous, because rendered after the close of the next term after that at which the trial commenced, and based upon evidence taken several terms before that at which the judgment was rendered.

Section 510 of the General Statutes which was in force at the time of the trial of this case, provides that " any judge of the superior court or of the court of common pleas, who shall have commenced the trial of any civil cause, shall have power to continue such trial and render judgment after the expiration of the term or session of the court at which such trial commenced ; but such trial shall be ended and judgment rendered before the close of the next term or session."

Upon its face the judgment in question is neither void nor erroneous, since it appears by the judgment file that the case was regularly continued to, and heard at, the term when final judgment was rendered.

The judgment is not void for want of jurisdiction, upon the facts stated in the finding. The court appears to have been regularly in session when the judgment was rendered. The case had not been decided, but was still pending before a court which had jurisdiction of the subject-matter and of the parties. The parties, of course, had the right, notwithstanding the statute, to retry their case in July and have it decided, and for that purpose to waive the reproduction of the evidence previously presented before the same judge and to consent that the court might hear the arguments and decide the case in July, upon the evidence heard by him in October. *Jaques* v. *Bridgeport Horse-Railroad Co.*, 43 Conn. 32, 34; *Shackelford* v. *Miller*, 91 N. Car. 181; *Morrison* v. *Citizens' Bank*, 27 La. Ann. 401. Since the court, by consent of the parties, could lawfully have rendered the judgment in July, upon such evidence, it was within the jurisdiction of the court to render the judgment appealed from. *State* v. *Hartley*, 75 Conn. 104, 111. If the court in July, having jurisdiction of the parties and the subject-matter, rendered a judgment upon evidence not properly before it at that time, and which the parties had not consented should be considered in deciding the case, the judgment was erroneous, but not void. *Ex parte Bennett*, 44 Cal. 84, 87.

Such consent—that the court may render judgment upon evidence taken at a former term—need not be expressly given when the case is decided. An agreement, either express or implied, by the parties or their attorneys, at the close of the trial, that judgment may be rendered at a later term, is, if not afterwards revoked, equivalent to a consent that the court, for the purpose of rendering judgment at such later term, may consider the evidence heard at a previous term. *Sturdevant* v. *Stanton*, 47 Conn. 579, 580. Such a consent may also be implied from the conduct of the parties or their attorneys, in proceeding without objection with the trial or argument of the case, at such later term, or from the silence of the parties until the judgment has been rendered at such later term. *Molyneux* v. *Huey*, 81 N. Car. 106.

It is needless for us to inquire whether, in the absence of

any statute upon the subject, the Court of Common Pleas could, against the objection of either party to the action, have properly continued the trial of this case after the expiration of the term at which it was commenced, or could, against such objection, have properly rendered judgment at a term subsequent to the trial upon the evidence taken at the previous term. We are satisfied that it was the purpose of § 510 to provide that, irrespective of any consent of the parties, the court might so continue the trial of a case, and render final judgment during the next term after that at which the trial commenced, upon the evidence taken at a previous term; but that a final judgment rendered after the close of such next term, upon such evidence, and without the express or implied consent of the parties, would be irregular and erroneous.

Under this section the Court of Common Pleas could, therefore, even against the objection of the parties, have heard the arguments in this case and decided it, at any time before the close of the November term, which might by law have been continued until the first Monday of January, 1903. After that date the judgment could not have been properly rendered, without the consent of the parties, either express or implied.

The judgment was not rendered with the consent of the defendant, but against his express objection. Neither from his agreement at the close of the hearing on the 9th of October, that written arguments might be submitted and oral arguments made thereafter, nor from the filing of a written argument on the 23d of October, nor from any conduct of the defendant prior to the close of the November term, can it be fairly inferred that he consented that judgment might be rendered in the case at as late a time as July of the following year. When in October he consented that written and oral arguments might be presented at a later date, he might very properly have expected that the case would be decided within the time limited by statute, namely, before the first Monday of the following January.

If it can be said that the defendant's requests for post-

ponements from June 12th until July 3d indicate that he then consented that judgment might thereafter be rendered, it does not appear that the plaintiff was thereby induced to so change his conduct to his detriment, or that he was thereby caused such loss or inconvenience, that the defendant was estopped from objecting on the 3d of July to further proceedings in the case.

The judgment is erroneous and is reversed, and the case remanded to be proceeded with according to law.

In this opinion the other judges concurred.