THE CHESHIRE BRASS COMPANY, INCORPORATED, *vs.* CLARENCE WILSON.

Third Judicial District, Bridgeport, October Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

In an action for damages the complaint alleged that the defendant, an insurance agent, had agreed to procure fire insurance on the plaintiff's property, and represented that he had done so; that the plaintiff believed him and did not itself attempt to procure other insurance; that a loss occurred and thereupon the defendant, who had possession of the policies, was requested to disclose the names of the companies in which the property was insured, but refused to do so and declared he had cancelled the policies. An amendment alleged that such refusal prevented the plaintiff from furnishing its proofs of loss, and that the defendant wrongfully caused the cancellation of the policies procured by him. The averments of the amendment were found to be untrue by the trial court, which rendered judgment for the defendant. *Held:*—

1. That in the absence of an allegation that the defendant procured insurance on the plaintiff's property, no duty to state the names of any insurance companies was shown.
2. That assuming the existence of such a duty and its neglect by the defendant, the plaintiff's failure to prove that it was thereby prevented from making its proofs of loss, was decisive against it upon that issue.
3. That the burden was upon the plaintiff to show that it had made reasonable effort to learn the names of the insurance companies and make its proof of loss.
4. That the finding that the defendant did not cancel the policies was equally conclusive against a recovery by the plaintiff; the attempted cancellation by the defendant being ineffective for lack of the five days' notice to the insured required by the policies.
5. That inasmuch as the complaint made no claim for damages simply on account of trouble and delay arising from the defendant's re-

fusal to disclose the names of the insurance companies, and no evidence apparently was offered on that subject, the plaintiff was not entitled to a new trial upon that ground.

6. That if, upon the present record, any damages at all could be awarded the plaintiff for mere trouble and delay, they would be only nominal, to recover which a new trial would not be granted; but that the plaintiff had no claim for even nominal damages, having elected to try its case upon the theory that it had been prevented by the defendant's wrong from making its proofs of loss, and had thus lost the entire insurance.

An insurance broker, employed by the owner of property to procure insurance for him, is the latter's agent until the insurance is procured. He then ceases, however, to be the agent of the insured,— unless the course of business between the parties warrants an inference of the continuance of the agency—and consequently has no authority to receive or waive for him notice of the cancellation of the policies.

The plaintiff claimed in argument that the defendant procured the cancellation of the policies by fraudulent statements made to the insurance companies in order to obtain from them a rebate of the full premium, a part only of which he had collected from the plaintiff. *Held* that this alleged fraud, even had it been proven, would have been wholly immaterial to the present issues, since it was fraud practiced upon the companies and not upon the plaintiff.

General Statutes, § 510, provides that a judge of the Superior Court or of the Court of Common Pleas must render judgment before the close of the term or session following that in which the case was tried. *Held* that a judgment rendered after that time was erroneous, unless the parties expressly or impliedly consented to such delay.

In the present case the judgment-file stated that the cause was regularly continued to and tried at the time the judgment was rendered. It appeared from the finding that the judgment was rendered during the second session after the trial. The plaintiff's draft-finding contained no request for a finding that the judgment was improperly delayed, and the statement of questions of law that the appellant desired to have reviewed did not include any question as to the effect of such delay. *Held* that this court would not assume on these facts that the delay in rendering judgment was without the consent of the parties.

Argued October 22d, 1912—decided March 11th, 1913.

ACTION to recover damages from a fire insurance agent for wrongfully causing the cancellation of certain

policies of fire insurance on the plaintiff's property, and for refusing to disclose the names of the companies in which the property was insured, brought to the Superior Court in New Haven County where a demurrer to the reply was sustained in part (*Burpee, J.*) and the cause was afterward tried to the court, *Greene, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

In October, 1908, the plaintiff owned certain real and personal property constituting a brass-mill. The defendant conducted an insurance agency, and was agent for a large number of insurance companies. On or about October 1st, 1908, the plaintiff and defendant entered into an agreement that the latter should procure for the plaintiff, upon the above-mentioned mill property, insurance against fire to the amount of $17,000 for one year. The defendant procured the insurance as agreed, and delivered the policies to the plaintiff. The plaintiff, in payment of the premiums, endorsed to the defendant the note of a third party, which was afterward paid to the defendant, leaving a balance of about $80 which was to be paid in cash. Shortly after the policies were so delivered, the plaintiff delivered them back to the defendant, at his request, to enable him to substitute new policies for policies in certain companies which had refused to take the risk. The defendant made such substitution prior to November 17th, 1908, and the policies thereafter remained in his possession. He notified the plaintiff that he held the policies, but never delivered them to the plaintiff, and the latter never called for them. On March 9th, 1909, the property insured by these policies was damaged by fire to the full amount of the insurance. Immediately after the fire the plaintiff notified the defendant thereof, and requested him to state the names of the companies in which he had procured the insurance. The defend-

ant declared that he had cancelled the policies, and declined to state the names of the companies by which they were issued. The plaintiff did not demand the policies of the defendant. The latter, prior to this time, had not notified the plaintiff that he had cancelled the policies. The policies were of standard form, and by the terms thereof required five days' notice to the insured to effect a valid cancellation thereof. The plaintiff, until after the fire occurred, believed that the defendant had procured the insurance as represented, and continued to hold such insurance for the plaintiff, and in consequence of such belief did not procure other insurance upon its property.

The original complaint alleged the agreement between the parties as above stated; that the defendant represented that he had procured the insurance; that the plaintiff believed the representations and therefore did not procure, and was thereby prevented from procuring, other insurance; that until after the loss it believed that the property was insured by policies procured by the defendant in accordance with the agreement; that immediately after the fire it notified the defendant and requested him to state the names of the companies in which the property was insured, but the defendant declared that he had cancelled the policies, and refused to state the names of the companies; and that prior to this time he had never notified the plaintiff that he had cancelled the policies. There was no allegation that the defendant had or had not procured the insurance as agreed, or that he had or had not cancelled the policies. By an amendment to the complaint it is alleged that the plaintiff was prevented from furnishing proofs of loss to the insurance companies by the defendant's refusal to give it their names. This allegation is found to be not proven and not true by the court. By another amendment it is alleged that the defendant

wrongfully caused the cancellation of the policies procured by him. This also is found to be untrue.

*E. P. Arvine* and *Henry G. Newton*, for the appellant (plaintiff).

*James H. Webb*, for the appellee (defendant).

THAYER, J. The original complaint left it doubtful whether the plaintiff had attempted to found its action upon a breach of contract to procure insurance, or upon the defendant's tort in refusing to give the names of the insurance companies in which he had procured insurance. After an intimation by the court that the complaint was insufficient, two amendments, which are referred to in the statement, were added to the complaint. As amended, it is to be regarded as an attempt to state a cause of action sounding in tort; the wrongs complained of being, first, the defendant's refusal to give the names of the insurance companies, and, second, his wrongful cancellation of the policies.

The amended complaint contains no allegation that the defendant procured the plaintiff's property to be insured, and, in the absence of such an allegation, no duty to state the names of any insurance companies is shown. But assuming that such duty existed and is properly shown by the complaint, and that it was neglected by the defendant, the court has found that the plaintiff's further allegation, that it was thereby prevented from making its proof of loss, was not proven. The plaintiff was bound to prove this allegation as well as the defendant's negligence. This involved showing its own freedom from negligence. The finding of the court is conclusive against the plaintiff upon this issue. In its draft-finding the plaintiff requested the court to find that there was no evidence that the plaintiff could have ascertained the names of the insurance

companies otherwise than by a statement of them by the defendant, and now asks for a correction of the finding, so that it shall comply with this request. But the plaintiff had made the allegation that it was prevented from making proof of loss by the defendant's neglect to give the names, and the burden of proof was upon it to show that it had used reasonable effort to learn the names and make the proof. This was included in the issues formed by the pleadings. General Statutes, § 3490, provides that the insurance commissioner may, for the purpose of determining whether insurance companies are conducting their business in this State in a proper manner, and duly adjusting and paying their losses, require them to answer such questions as he may think necessary. If the plaintiff contended that any companies through their agents were improperly claiming that their policies had been cancelled, or were otherwise concealing their liability for losses, this statute afforded it an opportunity, by an application to the insurance commissioner, to learn the names of the companies and their claims as to their nonliability. If the facts are as the plaintiff claims, it would be the duty of the commissioner to call upon the different companies doing business in the State for a disclosure whether policies as claimed by the plaintiff had been issued by them to it, and their claims as to their nonliability for the loss thereunder. Until it appeared that the plaintiff at least attempted to use this means for learning the names of the companies, or some other means, as by a bill of discovery, and in the absence of a demand upon the defendant for the policies, the court could not find that the plaintiff had used due diligence to learn the names of the companies. The court could not assume, as the plaintiff claims in its brief, that it had made every effort which it could have made to ascertain the names, and that the companies

which issued the policies would have refused to give the information that they issued them. It is not found that the plaintiff did not in fact know the names. The court has found that the' allegation that the plaintiff was prevented from making proof of loss by reason of the defendant's neglect to give the names was not proven. The evidence furnishes no ground for changing this finding.

The conclusion of the court that the defendant did not cancel the policies, is equally conclusive against a recovery by the plaintiff. It is found that the policies were duly procured, and that there was an attempted cancellation of them prior to the fire, but that, for want of the five-day notice required by the policies, the attempted cancellation was ineffective. The plaintiff's claim that, upon the facts found, the defendant, after the insurance was procured, continued to represent the plaintiff, so that his attempted cancellation of the policies was a waiver by the plaintiff of the five-day notice, cannot be sustained. The general rule is that where an insurance broker or agent is employed by a person to procure insurance for him, the broker or agent becomes his agent until the insurance is procured, so that any knowledge of facts by the agent, or false statements made by him when procuring the insurance, are imputable to the insured; but, after the insurance has been procured, he ceases to be the agent of the insured, and has no authority to waive or to receive notice of the cancellation of the policies in behalf of the insured. 1 May on Insurance (4th Ed.) § 67 G; *Grace* v. *American Central Ins. Co.*, 109 U. S. 278, 283, 3 Sup. Ct. Rep. 207; *Hermann* v. *Niagara Fire Ins. Co.*, 100 N. Y. 411, 415, 3 N. E. 341. The course of business between the parties may be such as to warrant the inference that the broker still has authority to receive or waive the notice; but in the absence of facts from which such an

inference may be drawn, the rule is as stated. The complaint in the present case alleges, and the court has found, that the defendant was employed to procure insurance upon the plaintiff's property to a specific amount for the specified term of one year. This he did. Under the decisions, he then ceased to be the plaintiff's agent. The case shows no course of business between the parties from which it can be inferred that the defendant still represented the plaintiff so that he had authority to waive the notice of cancellation provided for in the policies.

The plaintiff suggests in its brief and argument that as it appears from the finding that, although not prevented by the defendant's misconduct from making its proofs of loss, the plaintiff was thereby delayed in making them, there must have resulted to it trouble and expense because of such misconduct, although it did not thereby lose its remedy against the insurance companies, and that to indemnify it for such trouble and expense it was entitled to a judgment for at least nominal damages. In the complaint the plaintiff makes no claim for damages upon the ground that it was put to trouble and expense through delay in making proofs of loss caused by the defendant's wrongful act, but, as already noticed, claimed for the entire amount of the insurance because it had lost it by being prevented, by the defendant's refusal to give the names of the companies, from making the proofs, and by his wrongful cancellation of the policies. And there is nothing in the record showing that upon the trial any claim was made for a judgment for damages for trouble and expense incurred by reason of the delay caused by the defendant's misconduct, or that any evidence was offered to show that there was such damage, or the amount of it. Upon the record, if entitled to a judgment on this ground, it could only have been for nominal damages,

for the recovery of which a new trial will not be granted. *Ely* v. *Parsons*, 55 Conn. 83, 102, 10 Atl. 499; *Cooke* v. *Barr*, 39 Conn. 296, 306. But the plaintiff elected to try its case upon the theory that it was prevented by the defendant's wrong from making the proofs of loss, and thus lost the entire insurance. Having so elected, it was not entitled to a judgment for even nominal damages for a result of the defendant's act which is not alleged, and to which a different rule of damages would apply.

At the time the policies were cancelled upon the books of the companies which issued them, the defendant was allowed a credit by several of the companies to the full amount of the premiums. The plaintiff contends that the defendant caused the cancellation for the purpose of recovering this rebate, and that it was a wilful attempt to defraud on his part. The court has found "not proven" paragraph one hundred sixty-five of the plaintiff's draft-finding, to the effect that the defendant secured this rebate by false statements made to the insurance companies, that the note which he had received in part payment of the premiums had not been paid. But if the plaintiff's claim is correct, that the defendant obtained the rebate by fraud, it was fraud practiced upon the insurance companies, to whom alone he is answerable. It does not affect his relations with the plaintiff.

As we find no error in the finding of the court that the plaintiff failed to establish the allegations of its complaint, it is unnecessary to consider whether there was error in the findings and conclusions of the court sustaining the defendant's second defense, namely, that by reason of a mortgage given by the plaintiff after the insurance was procured and before the fire, the policies became void.

It is assigned for error that the court delayed "ren-

dering judgment until after two sessions of the court had passed." From an addition to the finding, made at the plaintiff's request, it appears that the judgment was not rendered until after the close of the session of the court next succeeding that at which the cause was tried. This is contrary to the letter of § 510 of the General Statutes. Without the consent, express or implied, of the parties to the action, that the judgment might be so delayed, it was erroneous; but with such consent the court might properly delay the rendition of the judgment. *Lawrence* v. *Cannavan,* 76 Conn. 303, 306, 307, 56 Atl. 556. The judgment-file states that the case was regularly continued to and tried at the time the judgment was rendered. The original draft-finding filed by the plaintiff contained no request for a finding that the judgment was improperly delayed, and the question now attempted to be raised was not among those which the plaintiff gave notice that it desired to raise. So far as appears from the finding, the delay may have been at the request or consent of the parties to the action or their attorneys. The court, having received no notice that it was intended to raise the question now raised by this assignment, was not called upon to find whether the delay was by consent. If the delay was by consent, the statement in the judgment-file is warranted. We are not warranted upon the finding before us in holding that the delay in the rendition of the judgment beyond the time fixed by statute was without the consent of the parties or their counsel.

There is no error.

In this opinion PRENTICE, C. J., and BEACH, J., concurred, the latter taking briefs and acting in place of HALL, C. J., who died after the case was argued and before its decision; RORABACK and WHEELER, Js., dissented.