ABRAM SPELKE ET AL. *vs.* WILLIAM G. SHAW ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 7th—decided December 7th, 1933.

*Charles S. Hamilton,* for the appellants (defendants).

*William H. Comley,* for the appellees (plaintiffs).

HINMAN, J. The history of prior litigation concerning the real estate involved in this action was reviewed upon the occasion of the last preceding appearance in this court. *Spelke* v. *Shaw,* 114 Conn. 272, 158 Atl. 809. See also *McLoughlin* v. *Shaw,* 95 Conn. 102, 111 Atl. 62; *Shaw* v. *Spelke,* 110 Conn. 208,

147 Atl. 675. On the former appeal in the present action (*Spelke* v. *Shaw, supra*) this court held (p. 282) the transfers of the property to the plaintiffs invalid because ultra vires of the trust deed under which the lands were held, but remanded the case for further proceedings to ascertain if the plaintiffs had other interest in the premises, by equitable lien or otherwise. Upon those proceedings it was adjudged that the plaintiffs have an equitable lien to secure payment for sums, amounting to $26,551.92, with interest, advanced by them for the benefit and preservation of the trust real estate, and the judgment to that effect is the subject of the present appeal.

The first four assignments are to the effect that the judgment is erroneous in that it was not rendered before the close of the next term or session of the Superior Court after that at which the trial was commenced, in violation of § 5409 of the General Statutes, which is quoted in a footnote. The facts material to the question so raised, as set forth in the finding, are as follows: The trial was commenced on December 1st, 1932, and after the taking of oral evidence and introduction of exhibits the plaintiffs on December 8th at the request of the court filed their claims of law, and on December 9th the defendants filed their reply thereto; on December 20th the plaintiffs filed a paper designated as "claims as to the equitable lien," and the defendants filed a reply on December 22d. On February 8th, 1933, at the request of the court made in a joint letter addressed to counsel of all parties of record,

---

"Sec. 5409. CONTINUANCE OF TRIAL AFTER EXPIRATION OF TERM: Any judge of the Superior Court or of any Court of Common Pleas, who shall have commenced the trial of any civil cause, shall have power to continue such trial and render judgment after the expiration of the term or session of the court at which such trial was commenced; but such trial shall be ended and judgment rendered therein before the close of the next term or session."

the plaintiffs furnished to the court detailed claims, based upon the evidence, as to the taxes due, the amounts paid thereon, and the total amount claimed to be due, and on February 17th, 1933, at the request of the court, made in a like joint letter, the plaintiffs furnished a detailed description of the land involved, which description was used in making up the judgment. The trial court held the decision of the case until April 17th, 1933, when it was announced by a memorandum of decision. The 1932 term of the Superior Court in and for Fairfield County began on the third Tuesday (the 16th) of September, 1932, and ended on the fourth Friday (the 23d) of June, 1933. The fall session as designated by the judges at their June session, 1932, commenced on the 16th day of September, 1932, and ended on the 23d day of December; the winter session commenced on the 30th day of December and ended on the 24th day of March, 1933; and the spring session of the court ran from the 31st day of March to June 23d, 1933. It appears from the record, further, that the judgment was dated April 17th, 1933; upon seasonable application the time for taking appeal and filing request for finding and draft-finding was extended to May 11th, and on May 9th the defendants filed their appeal and a request for finding, with draft-finding annexed, including in the questions of law to be reviewed that raised by the assignments above mentioned.

Until 1886 the sittings of the Superior Court in each county were designated only as "terms." "Terms of said court shall be held annually, by one of the judges thereof, at the following times and places." General Statutes, 1875, p. 40, Chap. III, § 4. This statute provided for terms in Fairfield County at Bridgeport, for trial of civil causes only, on the third Tuesday of October, the second Tuesday of December, and the

first Tuesday of March, and "for the transaction of criminal business, and the trial of such civil causes as may be transferred thereto, by order of the court," on the fourth Tuesday of August, the third Tuesday of October, and the third Tuesday of February. Terms at Danbury were also designated. This statute was superseded by Chapter 133 of the Public Acts of 1886, which provided, in § 1, that a term for the transaction of civil business be held in Hartford County on the second Tuesday in October, in Windham County on the first Tuesday in May, and in each of the other counties on a designated Tuesday in September, and that "sessions of said court for the trial of civil causes shall be held at the beginning of each term in said counties respectively, and . . . in Fairfield County at Bridgeport on the first Tuesday of December. . . . And further sessions may be held at the several places provided by law as is hereinafter provided. The judges of the Superior Court, at their annual meeting, . . . shall provide for and fix the time of such additional sessions of said court for the trial of civil causes as may be necessary, at the several places provided by law for holding said court, and shall assign the judges to hold said civil sessions." Section 4 designated terms for criminal business in the several counties, and § 5 provided that at certain specified "civil terms and sessions" criminal as well as civil business might be transacted. These sections, with minor amendments, became §§ 790, 791 and 792 of the General Statutes, Revision of 1888.

In 1897, by Chapter 223 of the Public Acts, §§ 790 and 791 were repealed and there was substituted definite designation of both terms and sessions in each county; for example, in Fairfield County it was provided that sessions for civil business shall be held at Bridgeport on the first Tuesday in January, the first

Tuesday in April, and the second Tuesday in October, respectively, and at Danbury on the third Tuesday in January. This Act became § 452 of the General Statutes, 1902, and, in substance, § 5451 of the General Statutes, 1918; and § 792 of the Revision of 1888, concerning provision by the judges for additional sessions, was continued as § 454 of the General Statutes, 1902, and § 5453 of the General Statutes, 1918. No material change was again made until 1929, when Chapter 232 of the Public Acts, as to Hartford, New Haven, Fairfield and New London counties, designated, in § 1, one annual "term" for both criminal and civil business, held on the third Tuesday of September, and provided, in § 3, that "there shall be . . . sessions" held in each of these counties "at such times and places and for such duration of time, as shall be fixed and determined by the judges of the Superior Court at their annual meeting." The times and places of sessions in the other counties remained specifically designated by statute. This Act appears in the Revision of 1930 as §§ 5329 and 5330. The term of the Superior Court in Fairfield County stated in the finding was specified by, and the sessions were fixed pursuant to, these statutes.

Section 5409 of the General Statutes, 1930, the statute here directly involved, originated as Chapter 3 of the Public Acts of 1879. It probably was inspired by situations such as that presented in *Jaques* v. *Bridgeport Horse-Railroad Co.* (1875) 43 Conn. 32, which held that the trial of the case could not be completed and judgment rendered after the commencement of another regular term, except by agreement of the parties. In the Revision of 1888 this provision was preserved, as to the Court of Common Pleas, in § 749, mentioning, as did the original Act, only "the expiration of the term," while, significantly, in the similar provision as to the Superior Court included in § 801,

the expression used is "the expiration of the term or session" at which the trial commenced, obviously a recognition of the provision for sessions effected by Chapter 133 of the Public Acts of 1886. These provisions were again combined as to the Superior Court and Court of Common Pleas in § 510 of the General Statutes, 1902, and that section has been continued as § 5524, Revision of 1918, and § 5409, Revision of 1930.

*Lawrence* v. *Cannavan* (1903) 76 Conn. 303, 56 Atl. 556, concerned a judgment of the Court of Common Pleas, as to which there was statutory provision only for terms and not, also, for sessions as in the case of the Superior Court. It was held (p. 307) that "it was the purpose of § 510 [Revision of 1902] to provide that, irrespective of any consent of the parties, the court might . . . continue the trial of a case, and render final judgment during the term next after that at which the trial commenced, upon the evidence taken at a previous term; but that a final judgment rendered after the close of such . . . term, upon such evidence, and without the express or implied consent of the parties, would be irregular and erroneous." It followed, necessarily, from the construction there given the statute, that a similar infirmity would attach to a judgment of the Superior Court rendered after the close of the session next after that at which the trial was commenced. This was confirmed in *Cheshire Brass Co.* v. *Wilson*, 86 Conn. 551, 86 Atl. 26, in which a judgment of the Superior Court was not rendered until after the close of the session next succeeding that at which the cause was tried, and it was stated (p. 560): "This is contrary to the letter of § 510 of the General Statutes. Without the consent, express or implied, of the parties to the action, that judgment might be so delayed, it was erroneous; but with such consent the court might properly delay the rendition of the judg-

ment." *Whitford* v. *Lee,* 97 Conn. 554, 117 Atl. 554, reiterated (p. 557) that the matters of continuation of a trial and of holding a case under advisement for decision after the close of a term were regulated by statute (§ 5524, Revision of 1918) and "only by consent of all parties can a judgment be rendered except as therein provided." See also *Gruskay* v. *Simenauskas,* 107 Conn. 380, 383, 140 Atl. 724; *Ferguson* v. *Sabo,* 115 Conn. 619, 623, 162 Atl. 844.

In *In re Application of Title & Guaranty Co.,* 109 Conn. 45, 145 Atl. 151, the majority opinion *arguendo* application of the common-law rule limiting the power of a court to open or vacate a judgment to the duration of the term at which it was rendered, treated (p. 54) the terms and sessions of the Superior Court as provided in § 5451 of the General Statutes, 1918, as equivalents, while the minority maintained (p. 56) that under this statute there is a distinction between terms and sessions, "the term to run throughout the year and the session to be a subdivision of it, one to be held at the start of each term and others at later times during it as designated." However, the question whether "term" and "session" in this section (now § 5329 of the General Statutes) are to be regarded as equivalent is immaterial to the present inquiry, since the determinative statute (§ 5409) employs these words in the alternative and limits the power to continue trial and render judgment to "the next term or session" after that at which the trial was commenced. As it appears conclusively from the finding that the present judgment was not rendered during the session next following that at which the trial was commenced, it was erroneous unless there are circumstances amounting to waiver of the irregularity or consent of both parties, either express or implied. *Lawrence* v. *Cannavan, supra.*

An addition to the finding, made at the instance of the appellees, sets forth that the defendants made no objection to the further consideration of the case after the expiration of the winter session (March 24th, 1933) or claim of lack of jurisdiction until after the judgment, adverse to them, had been entered. It was indicated in *Lawrence* v. *Cannavan* (p. 306) that consent that a judgment may be rendered at a later term or session may be implied from the conduct of the parties or their attorneys—as in proceeding, without objection, with the trial or argument of the case, or, under some circumstances, from silence until judgment had been rendered. The most that this record shows is failure of the defendants to object, at or before the expiration of the winter session, to further consideration of the case and to rendition of judgment thereafter. Implications from silence or inaction, however, import some duty or occasion to speak or act, and in order to imply consent that rendition of judgment in the present case might be deferred beyond the limit of time imposed by statute, there must be found to exist some obligation on the part of the defendants or their counsel either seasonably to admonish the trial judge that the statute must be complied with or, after the second session and before judgment, to interpose objection to its entry thereafter. We find no justification for so far extending the duty of a party or his counsel. The impracticability, if not the impropriety, of the first course is obvious; as to the second, it seems that the most that can reasonably be required is objection seasonably made after the filing of the decision. In the present case this was done in the manner contemplated by our rules of appellate procedure.

We are unable to concur in the view of *Molyneux* v. *Huey*, 81 N. C. 106, that a mere request for time to

appeal from a judgment implied assent to the belated entry thereof. In *Lawrence* v. *Cannavan, supra,* the defendants requested postponement, from June 12th to July 3d, of the date for presentation of arguments in the case in which two terms had intervened since the evidence was taken. As there indicated (p. 308), this might be regarded as evidencing consent that judgment might be rendered thereafter, yet it was held that as it did not appear that the plaintiff "was thereby induced to . . . change his conduct to his detriment, or that he was thereby caused loss or inconvenience," the defendant was not estopped from objecting, on the 3d day of July, to further proceedings in the case. We are constrained to hold that the record discloses no act or omission by the defendants which can fairly be regarded as constituting consent to the late filing of judgment, or waiver thereof, or estoppel to take advantage of the error involved, and therefore must find the judgment erroneous.

The object sought through the adoption of this statute apparently was to promote decision of cases within a reasonably brief period after trial and thereby obviate the manifest disadvantages attendant on long delay in rendering judgment. If, as the appellees suggest, developments since the statute was passed—such as congestion of court business and designation of relatively short sessions—argue for more liberality than is afforded by the statute when construed as its terms compel, these are considerations appropriate to legislative rather than judical functions.

The appellants, in their brief, assert a laudable desire that the already prolonged litigation regarding the property involved be terminated through decision on this appeal. They could have evidenced sincerity in this wish and confidence in their assignments pertaining to the merits of the case by forbearing to take ad-

vantage of the delay in judgment, thereby impliedly consenting to the filing of it, as in *Borden* v. *Westport*, 112 Conn. 152, 154, 151 Atl. 512. The new trial which we are obliged to order because of technical objection interposed to the regularity of the judgment may develop changes in the factual situation material to the claims made under the further assignments of error; therefore we cannot with propriety pass upon them at this time.

There is error and a new trial is ordered.

In this opinion MALTBIE, C. J., HAINES and BANKS, Js., concurred.

AVERY, J. (dissenting). From the finding, it appears that the trial of this case was commenced December 1st, 1932. After the taking of oral evidence and exhibits introduced by the parties, the plaintiffs on December 8th, at the request of the court, filed their claims of law; December 9th, the defendants, other than Shaw individually, who were represented by counsel, filed their reply thereto; December 20th, the plaintiffs filed a paper designated "Plaintiffs' claims as to equitable lien;" and the defendants, other than Shaw individually, filed a reply thereto on December 22d, 1932. Thereafter, February 8th, 1933, at the request of the court, made in a joint letter addressed to counsel for all parties of record, the plaintiffs furnished to the court detailed claims based upon the evidence as to the taxes due, the amounts paid thereon and the total amount claimed to be due. February 17th, 1933, pursuant to a like request, the plaintiff furnished to the court a detailed description of the land involved in this litigation, which was used in making up the judgment upon which the present

appeal is based. The decision of the case was made April 17th, 1933, and announced to counsel.

The fall session of the Superior Court in Fairfield County, as designated by the judges at their annual meeting in June, 1932, commenced September 16th, 1932, and ended December 23d; the winter session commenced December 30th, 1932, and ended March 24th, 1933; and the spring session commenced March 31st, 1933, and ended June 23d, 1933. General Statutes, § 5329, provides for an annual term of the Superior Court in Fairfield County, on the third Tuesday of September. The 1932 term of the Superior Court for Fairfield County began September 16th, 1932, and ended June 23d, 1933, with the three sessions heretofore mentioned making up the whole term. The term was thus divided into three sessions, or, to state it another way, the three sessions made up the one term. Clearly, then, as applied to Fairfield County in the year 1932, "terms of court" and "sessions of court" did not and could not mean the same thing; the former meant nine months of court, and the latter three.

General Statutes, § 5409, authorizes the judge who shall have commenced a trial of any civil cause to continue it and render judgment after the expiration "of the term or session of the court at which such trial was commenced" but such trial shall be ended and judgment rendered before the close of the next "term or session." We have held a judgment rendered after the time provided by this section as not void but erroneous. *Whitford* v. *Lee*, 97 Conn. 554, 562, 117 Atl. 554; *Cheshire Brass Co.* v. *Wilson*, 86 Conn. 551, 560, 86 Atl. 26; *Borden* v. *Westport*, 112 Conn. 152, 154, 151 Atl. 512. It is competent, however, for the parties to agree that the judge holding the court may hear a case after the term shall have ended and render judg-

ment as of that term. *Jaques* v. *Bridgeport Horse-Railroad Co.*, 43 Conn. 32, 34. Moreover, if a case is tried at a term of court and judgment postponed after the expiration of the term, the cause still continues upon the docket of the court which, in a proper case if the due administration of justice demands it, upon being informed that judgment has not been rendered, may resume control of the cause, hear it and render judgment thereon as if no trial thereof had previously commenced. *Sturdevant* v. *Stanton*, 47 Conn. 579, 582. The parties to a cause have the right, notwithstanding the statute, to retry their case after the expiration of the term and for that purpose to waive the reproduction of the evidence previously presented before the same judge, and to consent that the court may hear arguments and decide the case at a later term upon the evidence heard by him at a previous one. Such consent need not be expressly given when the case is decided. An agreement, either express or implied, by the parties or their attorneys at the close of the trial that judgment may be rendered at the later term is, if not afterward revoked, equivalent to a consent that the court, for the purpose of rendering judgment at such later term, may consider the evidence heard at a previous one. *Sturdevant* v. *Stanton, supra*, 579, 580. Such a consent may also be implied from the conduct of the parties or their attorneys in proceeding without objection with the trial or argument of the case at such later term, or from the silence of the parties until the judgment has been rendered. *Lawrence* v. *Cannavan*, 76 Conn. 303, 306, 56 Atl. 556.

In my opinion, by acquiescing without objection in the requests of the court made on February 8th and 17th, 1933, that detailed claims as to the taxes paid and a detailed description of the land be filed in order that the court might proceed to render judgment,

these appellants waived any right to claim that the case, having been heard at the autumn session, must be decided before the close of the winter session, and consented in legal effect that the court might reopen and retry the case in the winter session; and, for the purpose of making its decision, might consider the evidence and claims offered at that session in connection with the evidence received at the previous session; and authorized the court to treat the case as one the trial of which had been commenced in the winter session. It follows that the judgment of the court, having been rendered in the early part of the spring session, was rendered at the session next succeeding that in which the trial was commenced within the meaning, adopted by the majority, of General Statutes, § 5409.

Furthermore, I cannot agree with the narrow construction placed upon General Statutes, § 5409, by the majority. It provides that a trial shall be ended and judgment rendered before the close of the "next term or session." The annual term commenced September 16th, 1932, and ended June 23d, 1933, and the judgment was rendered before the close of that term and during the same term at which the trial of the action was commenced. The majority have construed General Statutes, § 5409, as requiring the court to render its decision within the next term or session after the trial commenced, whichever may be the shorter. They construe the statute as though "session" was the only word appearing in this connection. The phrase is "term or session" and effect must be given to the use of the word "term" as well as the disjunctive "or." In my opinion, the construction adopted by the majority is not warranted. The language of the statute permits the court to file its decision before the close of either the next term or the next session after the term

or session at which the cause is commenced. So construed, the court may render its decision before the close of the next term or session, whichever may be longer, after the term or session at which the cause is commenced.

Moreover, in this instance, the view adopted by the majority results in the unfortunate situation that this case, which has already been before us three times (95 Conn. 102, 111 Atl. 62; 110 Conn. 208, 147 Atl. 675, and 114 Conn. 272, 158 Atl. 809), must now, upon its fourth appearance, be again sent back to the trial court for another trial because of a purely technical objection in no way affecting the merits, and which undoubtedly both the court and the plaintiffs' counsel considered had been waived by the defendants' attorney and would not be raised by him.