Frank R. Hurlbutt *v.* Carl A. Hatheway

Brown, C. J., Jennings, Baldwin, Inglis and O'Sullivan, Js.

Argued October 9—decided November 25, 1952

*Chester T. Corse,* with whom was *Thomas R. Robinson,* for the appellant (plaintiff).

*Philo C. Calhoun,* with whom was *H. Mefford Runyon,* for the appellee (defendant).

INGLIS, J. This case was tried in the Superior Court for Fairfield County between February 8 and February 14, 1951,[1] at the winter session of the court, which ran from January 5 to April 2. This session was within the term of court which commenced on September 15, 1950, and extended to September 14, 1951. The session next succeeding the session at which the case was tried expired on September 14, 1951. The next succeeding term did not expire until September 12, 1952.[2] On April 24, 1952, no judgment having been rendered, the plaintiff filed his motion that the case be reassigned for trial. On May 1, 1952, before this motion was heard, the judge who had heard the case filed a memorandum of decision directing judgment for the defendant. From this judgment the plaintiff has appealed. The principal question is whether the court erred in rendering

---

[1] The date of the commencement of the trial appears from the record of "witnesses sworn" made by the clerk, as required by Practice Book, § 158. Of that record we have taken judicial notice. See *C.I.T. Corporation* v. *Meyers*, 129 Conn. 514, 516, 29 A.2d 758; *State ex rel. Campo* v. *Osborn*, 126 Conn. 214, 217, 10 A.2d 687; *McCleave* v. *Flanagan Co.*, 115 Conn. 36, 38, 160 A. 305; *Arthur* v. *Norfield Congregational Church*, 73 Conn. 718, 731, 49 A. 241. The date of the termination of the trial is taken from the judgment file. The judgment is dated May 1, 1952. It recites that the case came to court on the first Tuesday of September, 1948, "and thence by continuance to February 14, 1951, when the parties appeared, and were at issue to the Court, as on file. Thence this action came to the present time, when the Court, having heard the parties, finds the issues for the defendant." The fair intendment of this is that the last date upon which the parties were heard was February 14. The reference, in the second sentence quoted, to the court's "having heard the parties" is clearly to the hearing on February 14, 1951, and not to any hearing held between that time and the date of the judgment.

[2] The dates of the commencement and expiration of the various terms and sessions of the court are taken from the allotments of the judges, of which we may also take judicial notice. *Whitford* v. *Lee*, 97 Conn. 554, 555, 117 A. 554.

judgment after the close of the session of court next after the session at which the case was tried.

Section 7706 of the General Statutes reads: "Continuance of trial after expiration of term. Any judge of the superior court or of the court of common pleas, who shall have commenced the trial of any civil cause, shall have power to continue such trial and render judgment after the expiration of the term or session of the court at which such trial was commenced; but such trial shall be ended and judgment rendered therein before the close of the next term or session." Our statutes provide that there shall be a "term" of court in each county commencing on the Friday before the third Tuesday of September in each year and such sessions of the court in each of the counties at such times and places and for such duration as shall be fixed by the judges. General Statutes §§ 7622, 7623, as amended, Cum. Sup. 1951, §§ 1343b, 1344b. The question before us is, therefore, one of interpretation of General Statutes, § 7706. Does it require that judgment be rendered before the expiration of the session next after the session in which the case is tried, or does it permit the rendition of judgment at any time before the expiration of the next succeeding term?

This exact problem was before the court in *Spelke* v. *Shaw*, 117 Conn. 639, 169 A. 787, decided in 1933. Section 5409 of the General Statutes, Rev. 1930, under which the *Spelke* case was decided, was, in so far as it pertained to the limitation of the time in which a case might be decided, the same as the present § 7706. Sections 5329 and 5330 of the Revision of 1930, providing for terms and sessions of the Superior Court, although not the same as §§ 7622 and 7623 of the Revision of 1949, made an equally clear distinction between a term of court and a ses-

sion of court. We concluded in *Spelke* v. *Shaw,* supra, that the statute required that a judge must decide a case before the end of the session next succeeding the session at which the trial was commenced. This interpretation of the statute was followed, without discussion, in *Simpson* v. *Y.M.C.A.,* 118 Conn. 414, 418, 172 A. 855, and in *Whitaker* v. *Cannon Mills Co.,* 132 Conn. 434, 438, 45 A.2d 120. Counsel for the defendant, however, has pressed the matter with such vigor that we have re-examined the question.

We can state the results of that reconsideration very briefly. The proper interpretation of the phrase "term or session" appears clearly from a comparison of the history of § 7706 with that of the statutes providing for terms and sessions of the Superior Court. This is a well-recognized method of determining the true interpretation of a statute. *Kelly* v. *Dewey,* 111 Conn. 281, 287, 149 A. 840. The history of § 7706 (then § 5409) is set forth in detail in *Spelke* v. *Shaw,* supra, 641-644, and need not be repeated here. The crux of the matter lies in the fact that, when the phrase "term or session" was first incorporated, in 1888, in the statute limiting the time for the rendition of judgments (Rev. 1888, § 801), the sections providing for terms and sessions of the Superior Court (Rev. 1888, §§ 790, 791) very clearly used the terms interchangeably. They both referred to a sitting of the court at a specified place for such length of time as the state of business required. *In re Application of Title & Guaranty Co.,* 109 Conn. 45, 54, 145 A. 151. The inference from this is that, when the legislature used the words "term or session" in the statute limiting the time for the rendition of judgments, it intended those words to mean such a sitting of the court. The phraseology

of the statute in so far as it applies to the Superior Court has remained the same to the present day. The phrase in question must have the same meaning now as it had in 1888. As it was then used, it corresponds to a "session" of the court as that word is used in § 7623 of the General Statutes. It follows that the conclusion reached in *Spelke* v. *Shaw,* supra, was correct.

This conclusion is fortified when we consider the effect of the interpretation of § 7706 contended for by the defendant, i.e., that the word "term" in the statute means one of the yearly terms as provided in § 7622 of the General Statutes. If that were the correct interpretation, the word "session" in § 7706 would have no significance and a judge might under certain circumstances take nearly two years to decide a case. It is hardly to be presumed that the legislature intended such a result. Furthermore, in construing a statute, every part should, so far as possible, be made operative. *Savings Bank* v. *Wilcox,* 117 Conn. 188, 193, 167 A. 709; *St. John* v. *U. Piccolo & Co.,* 128 Conn. 608, 613, 25 A.2d 54; *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 211, 91 A.2d 773. If "term" as used in the statute were interpreted to mean a court year and it were held that a judge was free to decide a case at any time before the expiration of the next succeeding court year, then the word "session," meaning a shorter period of time than a court year, would be entirely inoperative. The only interpretation which will make both words effective as they are used in § 7706 is that their meanings are identical and that they both mean what the phrase "term or session" meant when it was first incorporated in the statute in 1888.

It must also be borne in mind that in enacting the Revision of 1949 the General Assembly re-enacted

§ 7706. It is to be presumed that in doing so it had in mind the decision in *Spelke* v. *Shaw,* supra. *Hoxie* v. *New York, N. H. & H. R. Co.,* 82 Conn. 352, 369, 73 A. 754. If the interpretation put upon the statute in *Spelke* v. *Shaw,* supra, had not met with the approval of the General Assembly, it would have changed the phraseology of the statute. We therefore conclude, as we did in *Spelke* v. *Shaw,* supra, that the proper interpretation of § 7706 requires a judge to decide a case before the end of the session of the court next succeeding the session at which it is tried and that a judgment rendered after that time is erroneous.

The defendant also contends that the plaintiff waived the tardiness of the decision of the case. That the lateness of the decision of a case may be waived by the conduct of a party there can be no doubt. *Whitaker* v. *Cannon Mills Co.,* 132 Conn. 434, 438, 45 A.2d 120; *Borden* v. *Westport,* 112 Conn. 152, 154, 151 A. 512; *Cheshire Brass Co.* v. *Wilson,* 86 Conn. 551, 559, 86 A. 26; *Lawrence* v. *Cannavan,* 76 Conn. 303, 306, 56 A. 556. Such a waiver is not ordinarily to be inferred, however, from the mere inaction of a party prior to the time the judge files his memorandum of decision. Unless some situation develops which in reason requires the party to protest and he does not protest, or unless he consents to the delay either expressly or impliedly, as by agreeing to an additional hearing or by a tardy filing of his brief, no waiver will be spelled out. *Spelke* v. *Shaw,* supra, 647; *Ferguson* v. *Sabo,* 115 Conn. 619, 623, 162 A. 844; *Whitford* v. *Lee,* 97 Conn. 554, 561, 117 A. 554.

In the present case we have no finding. There is nothing in the record to show any conduct upon the part of the plaintiff indicating an intention to waive

the delay. Instead, the record shows that the plaintiff protested the delay and, before the judgment was rendered, made his motion for the reassignment of the case for trial. On the whole, therefore, the record does not disclose any waiver on his part but quite the contrary.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.