JOHN BOGAERT, JR., ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF NORTH BRANFORD ET AL.

HOUSE, C. J., COTTER, THIM, SHAPIRO and LOISELLE, Js.

Argued January 5—decided March 22, 1972

*Pasquale Young,* for the appellants (plaintiffs).

*Vincent J. Bruno,* for the appellees (defendant the New Haven Water Company et al.).

*Ellsworth B. Foote,* for the appellee (named defendant).

SHAPIRO, J. The defendants Impart Systems, Inc., and the New Haven Water Company applied to the defendant zoning board of appeals, hereinafter called the board, for a use and height variance for the erection, construction, operation and maintenance of a UHF television station and tower in the town of North Branford. Following a public hearing, the board granted the variance subject to certain conditions. The plaintiffs, claiming to be aggrieved by this action, appealed to the Court of Common Pleas, where the board's decision was upheld and the appeal was dismissed. From the judgment rendered, the plaintiffs have appealed to this court.

We limit our discussion of the case to the plaintiffs' claim that the trial court erred in refusing to include in its finding their claim of law that the judgment should have been set aside and a new trial ordered because the judgment of the court was not timely rendered as required by General Statutes § 51-29.[1]

The finding, with such corrections as are warranted, is as follows: The trial of this case was concluded on May 27, 1969, and the court visited the site on May 29, 1969. The defendants, at the conclusion of the trial, had their briefs ready to be filed. The plaintiffs requested and were granted a delay of three weeks in which to file their briefs, and they were filed on June 17, 1969. The court's memorandum of decision, dated August 26, 1969, was mailed on that day to the clerk of the Court of Common Pleas at New Haven, where it was received on September 5, 1969. Judgment was rendered on September 5, 1969. The plaintiffs did not file written objection or any motion until after the court's memorandum of decision had reached the clerk's office. From these facts, the court concluded that its decision was rendered on August 26, 1969, mailed to the clerk at New Haven over the Labor Day weekend and was stamped as received on September 5, 1969; that the plaintiffs by their own conduct delayed the rendition of the judgment in requesting a continuance of three weeks to file their briefs; that the

---

[1] The relevant portions of the title and contents of General Statutes § 51-29 read as follows: "CONTINUANCE OF TRIAL AFTER EXPIRATION OF TERM OR SESSION IN COMMON PLEAS AND SUPERIOR COURTS. . . . Any judge of the superior court or court of common pleas, who has commenced the trial of any civil cause, shall have the power to continue such trial and render judgment after the expiration of the term or session of the court at which such trial was commenced; but such trial shall be ended and judgment rendered therein before the close of the next term or session."

plaintiffs did not file any motion or objection until after the decision was rendered and received; that the plaintiffs waived the provisions of § 51-29 and were estopped to assert them; and that in no way were the plaintiffs prejudiced.

## I

We come first to the claim made by the plaintiffs that the court erred in concluding that its decision was rendered on August 26, 1969. The defendants argue that the court's decision was made, rendered and became effective on August 26, 1969, but cite no authority in support of this contention. Our law is clear on this issue. A judgment does not exist as a legal entity until pronounced, expressed, or made known, in some appropriate way. *Goldreyer* v. *Cronan,* 76 Conn. 113, 117, 55 A. 594.

The depositing in the mail on August 26, 1969, of the memorandum of decision did not constitute the rendering of the judgment. A judgment is in fact rendered in a cause tried to the court when the trial judge officially announces his decision orally in open court, or, out of court, signifies orally or in a writing filed with the clerk in his official capacity the decision pronounced by him.[2] *Hubbard* v. *Planning Commission,* 151 Conn. 269, 272, 196 A.2d 760; *Brown* v. *New Haven Taxicab Co.,* 93 Conn. 251, 258, 105 A. 706; *Hull* v. *Thoms,* 82 Conn. 386, 391, 73 A. 793; *Bulkeley's Appeal,* 76 Conn. 454, 457, 57 A. 112.

---

[2] "Ordinarily a memorandum of decision is the judgment of the court and the subsequent clerical action in writing out the judgment file, no matter how long it may be postponed, will relate back to the time that the memorandum was filed. *Sisk* v. *Meagher,* 82 Conn. 376, 73 A. 785; *Goldreyer* v. *Cronan* 76 Conn. 113, 55 A. 594; *Bulkeley's Appeal,* 76 Conn. 454, 57 A. 112." *Goldberg* v. *Krayeske,* 102 Conn. 137, 143, 128 A. 27; see also *O'Hara* v. *Hartford Oil Heating Co.,* 106 Conn. 468, 472, 138 A. 438; *Hull* v. *Thoms,* 82 Conn. 386, 391, 73 A. 793.

The judgment of a court is not rendered when the judge arrives at his decision in the privacy of his chambers, nor is the date placed on a paper by the judge determinative of the date when the paper is handed to the clerk. *Brown* v. *New Haven Taxicab Co.,* supra. Thus, although the memorandum of decision was dated August 26, 1969, the judgment was rendered on September 5, 1969, and it is clear that under the mandate of § 51-29, it was rendered too late.

The proper interpretation of General Statutes § 51-29 requires a judge to decide a case before the end of the session of the court next succeeding the session at which it is commenced and a judgment, such as that herein, rendered after that time, is erroneous absent a waiver or consent by the parties.[3] *Hurlbutt* v. *Hatheway,* 139 Conn. 258, 263, 93 A.2d 161; *Spelke* v. *Shaw,* 117 Conn. 639, 644, 169 A. 787; *Cheshire Brass Co.* v. *Wilson,* 86 Conn. 551, 560, 86 A. 26; see also *Dime Savings Bank* v. *Pomeranz,* 123 Conn. 581, 583, 196 A. 634; *Ferguson* v. *Sabo,* 115 Conn. 619, 623, 162 A. 844.

## II

The defendants make the claim that § 51-29 is not mandatory as to when a judgment shall be rendered where the plaintiffs' interests were in no way prejudiced by the delay. We cannot agree. The legislature having made a specific requirement as to the time within which a judgment shall be rendered, we

---

[3] The dates of the commencement and expiration of the various terms and sessions of the Court of Common Pleas are taken from the allotment of the judges, of which we may take judicial notice. *Whitford* v. *Lee,* 97 Conn. 554, 555, 117 A. 554. From that source it appears that the 1969 April session commenced on April 1, 1969, and ended on July 7, 1969. The 1969 July session commenced on July 8, 1969, and ended on September 1, 1969.

are not at liberty to set aside that requirement in the absence of a waiver by the plaintiffs. "We may not countenance and justify violations of the rule although they be productive of no actual prejudice; the statute leaves no room for such indulgences." *People's Holding Co.* v. *Bray,* 118 Conn. 568, 573, 173 A. 233; *Dime Savings Bank* v. *Pomeranz,* supra, 584.

We noted in *Spelke* v. *Shaw,* supra, 647, that the object sought through the adoption of this statute, apparently, was to promote the decision of cases within a reasonably brief period after commencement of the trial and thereby obviate the manifest disadvantages attendant on long delay in rendering judgment; and that if developments since the statute was passed—such as congestion of court business and designation of relatively short sessions—argue for more liberality than is afforded by the statute when construed as its terms compel, these are considerations appropriate to legislative rather than judicial functions.

### III

As it appears conclusively from the finding that the judgment in the case at bar was not rendered during the session next following that at which trial was commenced, it was erroneous unless there are circumstances amounting to a waiver of the irregularity or the consent of both parties either express or implied. *Spelke* v. *Shaw,* supra, 645; *Whitford* v. *Lee,* 97 Conn. 554, 557, 117 A. 554; *Lawrence* v. *Cannavan,* 76 Conn. 303, 307, 56 A. 556.

The defendants claim there was a waiver by the plaintiffs of the delay in rendering judgment on September 5, 1969, since the plaintiffs remained silent when there was a duty on their part to advise the court that § 51-29 must be complied with. Although the lateness of the decision of a case may,

doubtless, be waived by the conduct of a party; *Hurlbutt* v. *Hatheway,* supra, *Whitaker* v. *Cannon Mills Co.,* 132 Conn. 434, 438, 45 A.2d 120, *Borden* v. *Westport,* 112 Conn. 152, 154, 151 A. 512, *Cheshire Brass Co.* v. *Wilson,* supra, 559, *Lawrence* v. *Cannavan,* supra, 306; a waiver is not ordinarily to be inferred from the mere inaction of a party prior to the time the judge files with the clerk his memorandum of decision. *Hurlbutt* v. *Hatheway,* supra.

In *Lawrence* v. *Cannavan,* supra, we indicated that consent that a judgment may be rendered at a later term or session may be implied in some circumstances from silence or conduct until judgment has been rendered. In *Spelke* v. *Shaw,* supra, 646, however, where, as here, the party made no objection until after the late judgment was rendered, we held that implications from silence or inaction import some duty or occasion to speak or act. We observed that in order to imply consent there must be found to exist some obligation on the part of the plaintiffs or their counsel to (1) either seasonably admonish the trial judge that the statute must be complied with or (2) after the second session but before judgment, interpose objection to its entry thereafter. We concluded that no justification existed for so far extending the duty of counsel. We observed the impracticality if not the impropriety of the first course. As to the second course, we concluded that the most that can reasonably be required is objection seasonably made after the filing of the decision. See also *Dime Savings Bank* v. *Pomeranz,* 123 Conn. 581, 584, 196 A. 634. In the present case this was done. But see *Borden* v. *Westport,* supra, where, under the circumstances there, silence was deemed to be a waiver. The record discloses that on September 8, 1969, the plaintiffs filed a motion entitled

"Motion to Set Judgment Aside and/or Motion for New Trial." The basic reason set forth in the motion was that "Pursuant to Section 51-29 of the Connecticut General Statutes, judgment should have been rendered before . . . the first Monday of September, 1969 (September 1, 1969)" and that "[j]udgment was rendered on September 5, 1969, which was erroneous and contrary to law." From this prompt action by the plaintiffs, involving an interval of three days between the date of the judgment and the plaintiffs' motion, it is difficult to understand how they could have "spoken out" any sooner.

## IV

The defendants argue that there was a waiver of the delay in rendering judgment in that the plaintiffs were given three weeks from May 29, 1969, in which to file their briefs; and that they knew time was of the essence to the defendants.

The granting of the three-week delay to file briefs still left the trial court with the period of time from June 17, 1969, until September 1, 1969, in which to render its judgment. We cannot fairly infer from this conduct of the plaintiffs that they consented that judgment might be rendered later than on September 1, 1969. When they requested a delay to file their briefs they might properly have expected that the case would still be decided within the time limit of the statute, namely, not later than on September 1, 1969. Compare *Lawrence* v. *Cannavan*, supra, 307, with *Whitaker* v. *Cannon Mills Co.*, supra, 438–39; *Ferguson* v. *Sabo*, 115 Conn. 619, 623, 162 A. 844. We note also that it does not appear anywhere that the defendants were thereby induced so to change their conduct to their detriment, or that they were thereby caused such loss or inconvenience that the

plaintiffs were estopped from objecting to further proceedings in the case. *Lawrence* v. *Cannavan,* supra, 307–8.

In the case at bar, the judgment is erroneous and should have been set aside, since in the record of the case before us there is nothing that discloses any act or omission by the plaintiffs which could fairly be regarded as constituting consent to the late rendition of the judgment, or a waiver thereof, or estoppel to permit the defendants to take advantage of the error involved.

The other assignments of error require no discussion.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.