## SYLVANIA BURRIER *v.* WALTER P. BURRIER, JR.
## (AC 19043)

Landau, Spear and Hennessy, Js.

Submitted on briefs March 2—officially released August 29, 2000

*Phillip A. Escoriaza* and *William M. Bloss* filed a brief for the appellant (plaintiff).

*Timothy P. Lenes* filed a brief for the appellee (defendant).

*Opinion*

SPEAR, J. The plaintiff, Sylvania Burrier, appeals from the denial of her postjudgment motion for contempt. She claims that the trial court improperly denied her motion for contempt on the ground of laches because the defendant did not offer any evidence of either undue delay by the plaintiff or prejudice to himself. We reverse the decision of the trial court and remand the case for further proceedings.

The following are the undisputed facts and procedural history of this case. On March 20, 1962, the court rendered judgment dissolving the marriage of the parties and ordered the defendant to pay to the plaintiff $10 per week alimony and $15 per week child support. On February 18, 1998, the plaintiff filed, in the Superior Court in the judicial district of New Haven, a motion for contempt and an application for a rule to show cause. The plaintiff's motion alleged, inter alia, that the defendant was approximately $21,840 in arrears on alimony and child support. In her motion, the plaintiff requested that the defendant be held in contempt and sanctioned according to law.

The motion was assigned for a hearing and the court appointed a guardian ad litem for the defendant at the request of the defendant's counsel. Prior to the hearing and over the plaintiff's objection, the court transferred the case to the Superior Court in the judicial district of New London for the defendant's convenience in light

of his health and transportation difficulties as described by his counsel.

On November 2, 1998, the court heard the plaintiff's motion for contempt in New London. Although the plaintiff's motion stated that the defendant was approximately $21,840 in arrears, she advised the court that the relief she sought was limited to the $10,600 in alimony that she was entitled to for the period from May 16, 1978, to the day of the hearing. The court vacated the appointment of the guardian ad litem because the guardian stated that the defendant "does understand the nature of the proceedings . . . and can assist his attorney in these proceedings." The defendant did not appear at the contempt hearing, and his attorney explained that his absence was due to alcoholism, third stage prostate cancer and psychiatric problems.

While the plaintiff testified at the hearing, the defendant's counsel did not call witnesses or offer any evidence. The court denied the plaintiff's motion for contempt and stated that it had adopted the defendant's argument, through counsel, concerning laches. On November 18, 1998, the plaintiff filed this appeal.

We first set forth our standard of review. "[W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision." *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221, 435 A.2d 24 (1980). "[A] 'trial court's conclusions are to be tested by the finding; they must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case." *Cummings* v. *Tripp*, 204 Conn. 67, 87, 527 A.2d 230 (1987).

The plaintiff first claims that the court improperly denied her motion for contempt on the ground of laches

because the defendant did not offer any evidence of either undue delay by the plaintiff or prejudice to himself. We agree with the plaintiff that no prejudice was established and, therefore, do not address the court's conclusion that the delay was inexcusable.

The burden is on the party alleging laches to establish that defense. Id.; *Seymour Housing Authority Tenants Assn.* v. *Housing Authority*, 18 Conn. App. 393, 405–406, 558 A.2d 1002 (1989). "Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. *Kurzatkowski* v. *Kurzatkowski*, 142 Conn. 680, 685, 116 A.2d 906 (1955). . . . The mere lapse of time does not constitute laches . . . unless it results in prejudice to the defendant . . . as where, for example, the defendant is led to change his position with respect to the matter in question. . . . *Bozzi* v. *Bozzi*, [177 Conn. 232, 239, 413 A.2d 834 (1979)]." (Citations omitted; internal quotation marks omitted.) *Emerick* v. *Emerick*, 28 Conn. App. 794, 803–804, 613 A.2d 1351, cert. denied, 224 Conn. 915, 617 A.2d 171 (1992).

Prejudicial delay in bringing suit, the principal element in establishing a laches defense, was not established here. The defendant did not offer evidence at the hearing concerning prejudice. The defendant asserts that the court reasonably inferred that there was prejudice to him and that this inference was based on the facts in evidence, specifically, that by waiting two decades to assert her claim at a time when the defendant is old and ill, the plaintiff has prejudiced his defense.

In its articulation, the court stated that "[t]he plaintiff's neglect in asserting her rights in conversations with the defendant over the years prejudiced [the defendant's] case; no one is required to keep personal records for twenty years. It is not unreasonable to infer that

the defendant, in reliance upon the plaintiff's failure to insist upon payments due her year after year after year, failed to move to modify the obligation if he was insolvent, or failed to keep records for two decades if he made such payments."

The court could not properly rely on argument by the defendant's attorney or on matters not in evidence in finding prejudice to the defendant. See *Roberts* v. *Roberts*, 32 Conn. App., 465, 474–75, 629 A.2d 1160 (1993). The defendant did not offer evidence as to financial or bank records or as to his ability to recoup such records; therefore, he failed to carry his evidentiary burden on the second element of the defense of laches. Thus, the court incorrectly found prejudice to the defendant in the absence of a factual basis and incorrectly concluded that laches barred the plaintiff from seeking the relief she requested.

As relief, the plaintiff claims that we should direct the court to grant her motion for contempt because the court's sole reason for denying the plaintiff's motion was erroneous and the uncontroverted evidence demonstrated the defendant's contempt. We do not agree.

The remand is for a new hearing. A finding of contempt invokes the court's exercise of discretion. See *Schurman* v. *Schurman*, 188 Conn. 268, 273, 449 A.2d 169 (1982); *Ford* v. *Ford*, 52 Conn. App. 522, 529, 727 A.2d 254 (1999). A finding of contempt is discretionary, and we decline the plaintiff's invitation to take away the court's discretion by directing a finding of contempt. Because laches is purely an equitable doctrine, governed largely by the circumstances and allowed at the discretion of the court in cases brought in equity, we are reluctant to foreclose this defense. See *Giordano* v. *Giordano*, 39 Conn. App. 183, 214, 664 A.2d 1136 (1995). This is especially so where we do not know

why the defendant failed to appear, but counsel claimed that it was because of serious health problems.

The denial of the plaintiff's motion for contempt is reversed and the case is remanded for a new hearing on that motion.

In this opinion the other judges concurred.