### VICKI ANN FORD *v.* THOMAS EDWARD FORD (AC 21613)

Flynn, Bishop and Daly, Js.[1]

Argued April 26—officially released September 3, 2002

---

[1] This appeal was argued before a panel comprised of Judges Flynn, Bishop and Daly. Although Judge Daly agreed with the other judges regarding the resolution of this appeal, he died before he had the opportunity to concur with the written opinion. The parties stipulated, however, that they would not reargue the appeal to this court with a panel consisting of the original two judges and an additional judge. Rather, the parties stipulated that they would permit the remaining two judges alone to render the written opinion.

*Max F. Brunswick*, for the appellant (defendant).

*Morris I. Olmer*, for the appellee (plaintiff).

*Opinion*

BISHOP, J. The sole issue raised in this appeal is whether the trial court correctly determined that the defendant, Thomas Edward Ford, was in arrears with respect to his alimony obligation to the plaintiff, Vicki Ann Ford, in the amount of $105,230 as of November 28, 2000. We affirm the judgment of the trial court.[2]

The following procedural history and underlying facts are relevant to our determination of the defendant's appeal. The marriage of the parties was dissolved on November 29, 1984. As part of the judgment, the court ordered the defendant to pay the plaintiff $300 a week as unallocated alimony and child support until October 1, 1985, $250 a week until August 1, 1990, and, thereafter, $200 a week as alimony to terminate upon the plaintiff's remarriage or cohabitation within the meaning of General Statutes 46b-86 (b).[3]

---

[2] An earlier appeal by the defendant arising from the same circumstances raised an issue unrelated to the present appeal. The hearing that underlies this appeal took place following our disposition of the first appeal. See *Ford* v. *Ford*, 52 Conn. App. 522, 727 A.2d 254 (1999).

[3] Although not expressed in the judgment, it is apparent from the ages of the parties' two children that the two reductions in unallocated alimony and child support were intended to correlate with the year in which each child reached the age of majority.

In September, 1987, the defendant unilaterally reduced his payments to $50 a week, an amount he perceived to be the child support portion of the court's order, eliminating the portion he attributed to alimony on the basis of his belief that the plaintiff was cohabiting. In September, 1987, the defendant also filed an application for a rule to show cause seeking a termination of his alimony obligation on the same basis. In that endeavor, he was represented by attorney Joseph Chiarelli. The motion was marked off the court calendar on September 22, 1987. Subsequently, by a pleading dated October 1, 1987, the plaintiff filed a motion for contempt and a motion seeking an upward modification of alimony. At that juncture, the plaintiff was represented by attorney Louis Parley. The court docket does not reveal that any action was taken on either of the motions in 1987.

On June 8, 1988, Chiarelli commenced the plaintiff's deposition, during which he learned that she had not brought certain documents that he had asked her to produce for examination in conjunction with the deposition. The defendant claims that at the deposition, both counsel agreed to continue the deposition for the plaintiff to comply with the document production request and that the defendant would not be required to make the court-ordered alimony payments until the continued deposition was conducted. The deposition never took place.

Thereafter, on September 11, 2000, the plaintiff brought an application for a rule to show cause why the defendant should not be held in contempt for his failure to pay the court-ordered alimony. In response, the defendant claimed that the alimony order had been suspended by agreement of the parties and, in the alternative, that the plaintiff had waived her entitlement to alimony by agreeing, through counsel, that the defen-

dant would not be required to comply with the court order until her deposition was completed.

At a hearing on the matter, Chiarelli testified that after the adjournment of the deposition on June 4, 1988, he had reached an agreement with Parley that the defendant would not have to comply with the alimony order while the deposition was pending. He also acknowledged that after he departed from the aborted deposition, he had told the defendant that he did not have to continue paying alimony, and thereafter he did not reschedule the deposition. By his reasoning, because there had been an agreement not to pursue the alimony arrearage until the deposition was completed, he had effectively protected his client from the obligation to comply with the court order by not rescheduling the deposition.

The court disagreed with the defendant's position on two grounds, each of which separately defeated the defendant's claims. In assessing the evidence, the court found that there was no agreement relieving the defendant of his alimony obligation. The court also opined that even if there had been such an agreement, it would not, as a matter of law, negate the judicial order of alimony.

The court further found that the plaintiff had not waived her right to seek enforcement of the alimony order. The court therefore concluded that the order had continued unabated and that the plaintiff was not prevented by the purported agreement from pursuing her right to receive the court-ordered alimony award. The court determined that the total arrearage as of November 28, 2000, was $105,230. This appeal followed.

The defendant first claims that the parties entered into a binding agreement, through counsel, to suspend the alimony obligation. We do not agree.

"We first set forth our standard of review. [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision. . . . [A] trial court's conclusions are to be tested by the finding; they must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case." (Citation omitted; internal quotation marks omitted.) *Burrier* v. *Burrier*, 59 Conn. App. 593, 595, 758 A.2d 373 (2000).

"An order of the court must be obeyed until it has been modified or successfully challenged." (Internal quotation marks omitted.) *Eldridge* v. *Eldridge*, 244 Conn. 523, 530, 710 A.2d 757 (1998). Thus, even if the parties had agreed that the defendant would not be obligated to comply with the alimony order, that agreement would not be effective to modify the defendant's obligation because, as previously stated, "[d]ecrees in a dissolution action cannot be modified by acts of the parties without further decree or order by the court." *Albrecht* v. *Albrecht*, 19 Conn. App. 146, 151, 562 A.2d 528, cert. denied, 212 Conn. 813, 565 A.2d 534 (1989). Because we conclude that the court's reasoning with respect to the legal effect of any claimed agreement was legally and logically correct, we need not review its factual determination that there was no binding agreement.

The defendant claims, in the alternative, that even if the alleged agreement reached at the recessed deposition did not operate to modify the alimony order, the plaintiff waived her right to seek enforcement of the order by the terms of the agreement. We disagree.

As the court aptly noted, waiver involves "an intentional relinquishment of a known right. . . . Whether

conduct constitutes a waiver is a question of fact."
(Citations omitted; internal quotation marks omitted.)
*Fisette* v. *DiPietro*, 28 Conn. App. 379, 385, 611 A.2d
417 (1992). Our review therefore is limited to whether
the judgment is clearly erroneous or contrary to law.
Id., 382–83.

In assessing the evidence in its well reasoned and
thorough memorandum, the court noted that no evi-
dence of waiver was presented other than the bare fact
that the plaintiff did not actively pursue her motion
for contempt for several years following the recessed
deposition. Although it recognized that waiver need not
be express and may be implied by conduct, the court
determined that none of the plaintiff's conduct, either
surrounding the making of the alleged agreement at the
time of the recessed deposition or occurring in the
subsequent years leading to the hearing, constituted
facts from which waiver reasonably could be inferred.
We are mindful of the court's unique position in making
that factual determination and in assessing such mat-
ters, and we are persuaded that the court's conclusions
were not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.