# O.J. MANN ELECTRIC SERVICES, INC. *v.* THE VILLAGE AT KENSINGTON PLACE LIMITED PARTNERSHIP ET AL.
## (AC 26172)

Bishop, DiPentima and Hennessy, Js.

Argued September 27, 2006—officially released January 30, 2007

*Jeffrey M. Krupnikoff,* for the appellant (plaintiff).

*Gregory M. Harris,* for the appellee (named defendant).

DiPENTIMA, J. The plaintiff, O.J. Mann Electric Services, Inc., appeals from the trial court's judgment rendered in favor of the defendant, The Village at Kensington Place Limited Partnership,[1] in this action to foreclose a mechanic's lien placed on certain real property owned by the defendant. The plaintiff claims that the court lacked personal jurisdiction over the parties to render its judgment because the court's decision was not issued within 120 days of the completion of the trial in violation of General Statutes § 51-183b. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the plaintiff's appeal. On October 4, 2002, the plaintiff brought this action to foreclose a mechanic's lien against the defendant. The parties agreed to have the case decided on a stipulation of facts and trial briefs on the basis of the defendant's special defense of good faith. The parties filed their briefs on June 7 and 10, 2004. By letter dated July 2, 2004, the court informed the parties that it had not received the briefs until June 30, 2004, and that it would consider June 30, 2004, to be the date from which "the 120 days for issued decision" would run. Although the defendant expressly consented to the modified start date for the 120 days by letter dated July 14, 2004, the plaintiff did

---

[1] Several subsequent encumbrancers also were named as defendants in this action, but they are not parties to this appeal. We therefore refer in this opinion to The Village at Kensington Place Limited Partnership as the defendant.

not respond to the court's letter. On October 12, 2004, the court discharged the lien to allow a letter of credit to be substituted for the lien. On October 20, 2004, the court ordered supplemental briefs from the parties on the issue of whether the plaintiff needed to plead and prove compliance with the notice provisions of General Statutes § 49-34 in order for the court to have jurisdiction. The plaintiff and the defendant complied with the court's order by filing briefs on October 29 and November 2, 2004, respectively. On November 17, 2004, the court ordered additional information from the parties. The defendant submitted another brief in response to the court's order. The plaintiff, however, filed a motion for a mistrial on November 26, 2004, on the basis of the court's failure to render its decision within 120 days of the completion of the trial. The court denied the motion, and on December 17, 2004, rendered judgment in favor of the defendant. This appeal followed.[2]

We first consider the defendant's contention that the plaintiff's claim has been rendered moot as a result of (1) a decision by the court following its initial judgment and (2) the substitution of a letter of credit for the mechanic's lien. The question of mootness implicates our subject matter jurisdiction. *Connecticut Coalition Against Millstone* v. *Rocque*, 267 Conn. 116, 125, 836 A.2d 414 (2003). Accordingly, we must address this threshold issue before reaching the merits of the plaintiff's appeal.

Mootness "imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. . . . Mootness presents a circumstance

---

[2] During the pendency of this appeal, the plaintiff filed a motion to reargue its prejudgment motion for a mistrial and a motion to open the judgment on the basis of the court's having rendered its decision past the 120 day limitation in General Statutes § 51-183b. By memorandum of decision dated January 9, 2006, the court determined that it had not exceeded the 120 days. The plaintiff has not appealed from that decision.

wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . [T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Citations omitted; internal quotation marks omitted.) *New Image Contractors, LLC* v. *Village at Mariner's Point Ltd. Partnership*, 86 Conn. App. 692, 698, 862 A.2d 832 (2004).

The defendant makes two arguments in support of its claim that the appeal is moot. First, it contends that because the court allowed the substitution of a letter of credit for the claimed lien, there is no practical relief that can be afforded to the plaintiff. Second, the defendant argues that the court made factual findings with respect to the 120 day extension subsequent to its initial decision, from which the plaintiff has not appealed, therefore rendering the present appeal moot. We disagree with both arguments.

The defendant's claim that the substitution of the letter of credit for the lien renders the appeal moot warrants little discussion. The letter of credit was contingent on the plaintiff's receiving judgment in its favor. Substituting a letter of credit for the lien did not extinguish the practical relief that this could afford the plaintiff should we determine that the court lacked personal jurisdiction to render its judgment for the defendant. The defendant's second mootness argument, that the court's subsequent decision in which it made findings of fact rendered the present appeal moot, also lacks merit. The court granted the plaintiff's motion to reargue but denied the relief requested and, therefore, did

not displace or nullify its original order from which the plaintiff appealed. See *Burke Construction, Inc.* v. *Smith*, 41 Conn. App. 737, 745, 677 A.2d 15 (1996). Regardless of the plaintiff's failure to amend its appeal to include the court's subsequent decision, we may still determine whether the court had personal jurisdiction over the parties on the basis of the record before us.[3] Moreover, the issue before the court has not been resolved or lost its significance. See *New Image Contractors, LLC* v. *Village at Mariner's Point Ltd. Partnership*, supra, 86 Conn. App. 698. We conclude, therefore, that the appeal is not moot. Accordingly, we proceed to review the merits of the plaintiff's claim that the court lacked personal jurisdiction over the parties to render its judgment because the court's decision was not issued within 120 days of the completion of the trial in violation of § 51-183b.

"Section 51-183b is . . . legislation that, in order to reduce delay and its attendant costs, imposes time limits on the power of a trial judge to render judgment in a civil case." *Waterman* v. *United Caribbean, Inc.*, 215 Conn. 688, 691, 577 A.2d 1047 (1990). Section 51-183b provides: "Any judge of the Superior Court and any judge trial referee who has the power to render judgment, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. *The parties may waive the provisions of this section.*" (Emphasis added.)

---

[3] We note that the procedural history of this case prior to and during the appeal presents a quagmire with respect to our reviewability of the plaintiff's claim. Because the plaintiff has not amended his appeal, the court's decision on the motion to reargue is not part of the record and, therefore, we cannot review it in conjunction with its decision of December 17, 2004. See generally *O'Bymachow* v. *O'Bymachow*, 10 Conn. App. 76, 79, 521 A.2d 599 (1987). As stated, however, because the court denied the relief requested, that decision does not render the present appeal moot.

"Cases interpreting [§ 51-183b] have established that the defect in a late judgment is that it implicates the trial court's power to continue to exercise jurisdiction over the parties before it. . . . We have characterized a late judgment as voidable rather than as void . . . and have permitted the lateness of a judgment to be waived by the conduct or the consent of the parties. . . . Thus, if both parties simultaneously expressly consent to a late judgment, either before the judgment is [rendered], or immediately thereafter, the judgment is valid and binding upon both parties, despite its lateness. Express consent, however, is not required. If a late judgment has been rendered and the parties fail to object seasonably, consent may be implied. . . . Because consent may be implied from a failure to object seasonably after a delayed judgment has been rendered, these cases do not support the [notion] that § 51-183b invariably requires the prior consent of both parties in order to waive the time limits the statute imposes.

"These implied consent cases establish that an unwarranted delay in the issuance of a judgment does not automatically deprive a court of personal jurisdiction. Even after the expiration of the time period within which a judge has the power to render a valid, binding judgment, a court continues to have jurisdiction over the parties until and unless they object. . . . Such consent may be implied from the conduct of the parties or their attorneys, in proceeding without objection with the trial or argument of the case, in remaining silent until the judgment has been rendered or in failing to object seasonably after the filing of the decision." (Citation omitted; internal quotation marks omitted.) *Rowe* v. *Goulet*, 89 Conn. App. 836, 844–45, 875 A.2d 564 (2005).

In order to resolve this appeal, we must determine whether the plaintiff waived the statutory time requirements set forth in § 51-183b. It is undisputed that the stipulation of facts and briefs were filed by June 10,

2004. On July 2, 2004, the court sent notice to the parties that it was extending the commencement of the 120 day period from June 10 to June 30, 2004, to account for the delay in receiving the briefs.[4] The plaintiff argues that the court lacked the authority to make such a request and that therefore the initial period was never extended. The plaintiff further argues that it never consented to such an extension.

We note initially that the court has the authority to request an extension of the 120 day rule pursuant to the language of § 51-183b. Although the plaintiff characterizes the court's letter to the parties on July 2, 2004, as an order rather than a request, we are satisfied that regardless of its form, the court was essentially providing notice to counsel of its view that the 120 day period did not commence until June 30, 2004. Whether that notice could fairly be characterized as a request or merely a reflection of the court's understanding of the time period, the plaintiff did nothing in response. Clearly, the plaintiff did not expressly consent to the extension. As we stated in *Rowe* v. *Goulet*, supra, 89 Conn. App. 845, however, such "consent may be implied from the conduct of the parties or their attorneys, in proceeding without objection with the trial or argument of the case, in remaining silent until the judgment has been rendered or in failing to object seasonably after the filing of the decision." In *Rowe*, we concluded that the party challenging the timeliness of the court's decision had "by implication, consented to the timing of the scheduling and rescheduling of the court's hearings and its ultimate judgment in the matter" on the basis of his conduct prior to and following the court's judgment, including his continued participation in scheduled proceedings and the absence of any objection prior to judgment. Id., 845–46.

[1] If the completion of trial was June 10, 2004, the 120 day limit would expire on October 8, 2004. By extending that date by twenty days to June 30, 2004, the 120 days would expire on October 28, 2004.

In the present case, the court's notice was addressed to both parties and adequately put them on notice of the extension of the commencement of the 120 days. The defendant clearly understood the notice as a request for waiver and acted accordingly. The plaintiff, however, took no steps to question or respond to that request. To the contrary, the plaintiff responded to the court's October 20, 2004 order for supplemental briefs, which, by the plaintiff's calculations, was beyond the 120 days.[5] Thus, he essentially proceeded "without objection with the trial or argument of the case . . . ." Id., 845. As our Supreme Court has aptly reasoned, "[t]he salutary effect of [§ 51-183b] is to compel diligence and a prompt decision on the part of the judge who tried the case, and to avoid the manifest disadvantages attendant on long delay in rendering judgment. On the other hand, however, judicial economy dictates that the parties will be deemed to have consented to the delay if they fail to take timely and appropriate advantage of it." *Gordon* v. *Feldman*, 164 Conn. 554, 556–57, 325 A.2d 247 (1973). It was only after the court requested additional supplemental briefs on November 17, 2004, which, according to the plaintiff, "created the potential to prejudice" its case, that the plaintiff then challenged the court's jurisdiction by filing a motion for a mistrial prior to judgment. By that time, however,

[5] The plaintiff argues that the court's order on October 20, 2004, for supplemental briefs was not relevant to the disposition of the case and that therefore its response to that order should not be interpreted as consent to the extension of the completion date of the trial. As we have previously stated, "[t]he completion date of trial, for purposes of the 120 day time limit of [General Statutes] § 51-183b, begins to run from the date that the parties file posttrial briefs or other material that the court finds necessary for a well reasoned decision." (Internal quotation marks omitted.) *Bramwell* v. *Dept. of Correction*, 82 Conn. App. 483, 488, 844 A.2d 957 (2004). The court's order reflected its concern with its subject matter jurisdiction over the claim. It is well established that subject matter jurisdiction "may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 441, 870 A.2d 448 (2005). Accordingly, the plaintiff's argument fails.

the plaintiff already had acquiesced to the extension of the 120 day limit by responding to the court's October 20, 2004 order for supplemental briefs. On the basis of the facts and circumstances of this case, we interpret the plaintiff's prejudgment conduct to constitute its implied consent to the extension of the 120 day time limit.

The judgment is affirmed.

In this opinion the other judges concurred.

