STANLEY FOOTE *v.* COMMISSIONER
OF CORRECTION
(AC 31008)

DiPentima, C. J., and Harper and Schaller, Js.

Argued September 16—officially released November 30, 2010

*Wayne A. Francis*, special public defender, for the appellant (petitioner).

*Raheem L. Mullins*, assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Angela R. Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, C. J. The dispositive issue in this appeal is whether the petitioner's continued silence after the

expiration of the 120 day statutory deadline for the rendering of judgment effected a waiver of the requirement imposed by General Statutes § 51-183b. In his appeal from the denial of his petition for a writ of habeas corpus, the petitioner, Stanley Foote, claims that the habeas court abused its discretion when it denied his motion to set aside the judgment.[1] We conclude that it did and, consequently, reverse the judgment of the habeas court and remand the case for a new trial.[2]

The following facts and procedural history are relevant to the resolution of the petitioner's appeal. In the underlying case, the petitioner had been charged with possession of cocaine with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b), possession of cocaine in violation of General Statutes § 21a-279 (a) and operating a motor vehicle with a suspended license in violation of General Statutes § 14-215 (a). Following the court's denial of his motion to suppress the narcotics evidence, the petitioner entered a conditional nolo contendere plea to the charge of possession of cocaine with intent to sell by a person who is not drug-dependent in violation of § 21a-278 (b), reserving his right to appeal from the denial of his motion to suppress.[3] The petitioner appealed from the denial of his motion to suppress,

[1] The petitioner filed a "motion to void judgment" with the habeas court, in which he effectively requested to have the judgment rendered on March 16, 2009, set aside. Accordingly, we treat the petitioner's motion as a motion to set aside the judgment. See, e.g., *Waterman* v. *United Caribbean, Inc.*, 215 Conn. 688, 690–91, 577 A.2d 1047 (1990) (challenge to court's untimely decision pursuant to § 51-183b brought as motion to set aside judgment); *Franklin Credit Management Corp.* v. *Nicholas*, 73 Conn. App. 830, 812 A.2d 51 (2002) (same), cert. denied, 262 Conn. 937, 815 A.2d 136 (2003); *Cowles* v. *Cowles*, 71 Conn. App. 24, 799 A.2d 1119 (2002) (same).

[2] Because we conclude that the petitioner did not waive the requirement of § 51-183b, we do not reach the merits of his claim that the habeas court improperly determined that he received effective assistance of counsel during his plea negotiations.

[3] The state nolled the remaining charges against the petitioner.

and this court affirmed the trial court's judgment in *State* v. *Foote*, 85 Conn. App. 356, 857 A.2d 406 (2004), cert. denied, 273 Conn. 937, 875 A.2d 43, 44 (2005).

Thereafter, the petitioner filed a petition for a writ of habeas corpus alleging the ineffective assistance of trial and appellate counsel. A trial on the merits was held and at the close of trial on August 28, 2008, the habeas court took the matter under advisement. The record reveals that neither party made any additional filings or requests, nor did the court communicate with either party. The habeas court rendered its judgment denying the petition on March 16, 2009, 200 days after the completion of the trial.

In its decision, the habeas court acknowledged, in a footnote, that its judgment was not rendered within 120 days of the completion of trial in apparent violation of § 51-183b.[4] The court concluded, however, that because neither party had objected prior to the decision's being filed, it was able to render a late decision. On March 25, 2009, nine days after judgment had been rendered, the petitioner filed a motion to set aside the judgment, arguing that he had not waived the requirement of § 51-183b.[5] The court summarily denied the petitioner's motion on April 15, 2009.[6] This appeal followed.

On appeal, the petitioner contends that he did not waive the 120 day requirement of § 51-183b or consent

[4] General Statutes § 51-183b provides: "Any judge of the Superior Court and any judge trial referee who has the power to render judgment, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section."

[5] The petitioner filed simultaneously a petition for certification to appeal and an application for waiver of fees, costs and expenses and appointment of counsel on appeal.

[6] The court granted simultaneously the petitioner's petition for certification to appeal and application for waiver of fees, costs and expenses and appointment of counsel on appeal.

to the habeas court's late judgment. As a result, the petitioner asserts that the habeas court abused its discretion when it denied his motion to set aside the judgment that he filed nine days after the habeas court rendered its untimely decision. We agree.

We begin by setting forth our standard of review. "Habeas corpus is a civil proceeding." *Collins* v. *York*, 159 Conn. 150, 153, 267 A.2d 668 (1970). "The principles that govern motions to open or set aside a civil judgment are well established. A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Bove* v. *Bove*, 103 Conn. App. 347, 351, 930 A.2d 712 (2007).

Our Supreme Court has stated that "[i]n past cases interpreting § 51-183b and its predecessors, we have held that the defect in a late judgment is that it implicates the trial court's power to continue to exercise jurisdiction over the parties before it. . . . We have characterized a late judgment as voidable rather than as void . . . and have permitted the lateness of a judgment to be waived by the conduct or the consent of the parties." (Citations omitted.) *Waterman* v. *United Caribbean, Inc.*, 215 Conn. 688, 692, 577 A.2d 1047 (1990). "[A]n unwarranted delay in the issuance of a judgment does not automatically deprive a court of personal jurisdiction. Even after the expiration of the time period within which a judge has the power to render a valid, binding judgment, a court continues to have jurisdiction over the parties until and unless they

object. It is for this reason that a late judgment is merely voidable, and not void." Id., 692–93.

As a preliminary matter, we note that it is undisputed that the habeas court's decision rendered on March 16, 2009, was outside the 120 day limitation imposed by § 51-183b. This late judgment, however, was merely voidable when rendered because, as noted in footnote 2 of the habeas court's decision, neither party had objected prior to the judgment being issued. Nine days after the judgment was issued, the petitioner filed a motion to set aside the judgment, which the court denied. Thus, the critical inquiry before us is whether the petitioner's motion to set aside the judgment voided the habeas court's judgment.

Rearranging the principles set forth in *Waterman* v. *United Caribbean, Inc.*, supra, 215 Conn. 692–93, our syllogism becomes: (1) a late judgment is voidable, not void, (2) a court maintains personal jurisdiction over the parties *until* and unless they object, (3) but a late judgment may be waived by conduct or consent, (4) therefore, absent waiver, a voidable judgment becomes void upon objection. Because the petitioner's motion to set aside the judgment was an objection, the dispositive issue, as correctly identified by both parties, is one of waiver. The petitioner claims that he did nothing to consent to the court's late judgment and that his mere silence prior to the court's rendition of the judgment could not be a waiver of the requirement of § 51-183b. In reply, the respondent, the commissioner of correction, contends that the petitioner's eighty day period of continued silence after the expiration of the 120 day statutory deadline but prior to the filing of the late judgment was implied consent to the habeas court's late judgment. Therefore, according to the respondent, the petitioner impliedly waived the 120 day requirement of § 51-183b, thereby validating the habeas court's voidable judgment. We agree with the petitioner.

"That the lateness of the decision of a case may be waived by the conduct of a party there can be no doubt." *Hurlbutt* v. *Hatheway*, 139 Conn. 258, 263, 93 A.2d 161 (1952). "Waiver is the intentional relinquishment of a known right. . . . Intention to relinquish [must] appear, but acts and conduct inconsistent with intention [to assert a right] are sufficient." (Citations omitted; internal quotation marks omitted.) *Dichello* v. *Holgrath Corp.*, 49 Conn. App. 339, 349–50, 715 A.2d 765 (1998). Thus, "[w]aiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so." (Internal quotation marks omitted.) Id., 350. "Whether conduct constitutes a waiver is a question of fact. . . . Our review therefore is limited to whether the judgment is clearly erroneous or contrary to law." (Citation omitted; internal quotation marks omitted.) *Ford* v. *Ford*, 72 Conn. App. 137, 141–42, 804 A.2d 215 (2002).

"[A] waiver is not ordinarily to be inferred from the mere inaction of a party prior to the time the judge files with the clerk his memorandum of decision." *Bogaert* v. *Zoning Board of Appeals*, 162 Conn. 532, 538, 294 A.2d 573 (1972). "Implications from silence or inaction . . . import some duty or occasion to speak or act, and in order to imply consent that rendition of judgment . . . might be deferred beyond the limit of time imposed by statute, there must be found to exist some obligation on the part of the [parties] or their counsel either seasonably to admonish the trial judge that the statute must be complied with or, after the [time limit imposed by statute] and before judgment, to interpose objection to its entry thereafter. We find no justification for so far extending the duty of a party or his counsel. The impracticability, if not the impropriety, of the first course is obvious; as to the second, it seems that *the*

*most that can reasonably be required is objection seasonably made after the filing of the decision."*[7] (Emphasis added.) *Spelke* v. *Shaw*, 117 Conn. 639, 646, 169 A. 787 (1933). Therefore, "[u]nless some situation develops which in reason requires the party to protest and he does not protest, or unless he consents to the delay either expressly or impliedly, as by agreeing to an additional hearing or by a tardy filing of his brief, no waiver will be spelled out." *Hurlbutt* v. *Hatheway*, supra, 139 Conn. 263.

A review of the case law cited by both parties is consistent with such observations concerning waiver. In each of the cited cases, waiver was not based on silence per se but on some other act or conduct that either delayed the start of the 120 day deadline, created a duty to protest in the silent party or served as an affirmative act of waiver or consent. See, e.g., *O.J. Mann Electric Services, Inc.* v. *Village at Kensington Place*

---

[7] We recognize that it has been stated that consent to a late judgment may "be implied . . . *from the silence of the parties until the judgment has been rendered* . . . ." (Emphasis added.) *Lawrence* v. *Cannavan*, 76 Conn. 303, 306, 56 A. 556 (1903); see also *O.J. Mann Electric Services, Inc.* v. *Village at Kensington Place Ltd. Partnership*, 99 Conn. App. 367, 372, 913 A.2d 1107 (2007); *Rowe* v. *Goulet*, 89 Conn. App. 836, 845, 875 A.2d 564 (2005). On several occasions, however, our Supreme Court has clarified that silence may be implied consent only when the silent party is faced with a duty to speak or to protest. See *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 420, 426 A.2d 1324 (1980); *Gordon* v. *Feldman*, 164 Conn. 554, 556–57, 325 A.2d 247 (1973); *Bogaert* v. *Zoning Board of Appeals*, supra, 162 Conn. 538; *Hurlbutt* v. *Hatheway*, supra, 139 Conn. 263; *Spelke* v. *Shaw*, 117 Conn. 639, 646, 169 A. 787 (1933).

Thus, waiver of § 51-183b was found in *O.J. Mann Electric Services, Inc.* v. *Village at Kensington Place Ltd. Partnership*, supra, 99 Conn. App. 374, because the plaintiff proceeded without objection in the argument of the case by submitting a supplemental brief beyond the 120 day deadline he had claimed. Likewise, in *Rowe* v. *Goulet*, supra, 89 Conn. App. 845–46, waiver was found not because the party had simply remained silent but because the party actively participated in a hearing on damages prior to rendition of the late judgment and then, once judgment was rendered, remained silent when faced with an obligation to raise a seasonable objection.

*Ltd. Partnership*, 99 Conn. App. 367, 374–75, 913 A.2d 1107 (2007) (plaintiff failed to object to court issued letter giving alleged erroneous 120 day deadline and plaintiff thereafter submitted brief beyond 120 day deadline he had claimed); *Rowe* v. *Goulet*, 89 Conn. App. 836, 845–46, 875 A.2d 564 (2005) (after 120 days but prior to rendition of late judgment plaintiff participated in hearing on damages and failed to object seasonably after late judgment rendered); *Franklin Credit Management Corp.* v. *Nicholas*, 73 Conn. App. 830, 836, 812 A.2d 51 (2002) (plaintiff failed to object to unsolicited trial brief submitted by defendant), cert. denied, 262 Conn. 937, 815 A.2d 136 (2003); *Dichello* v. *Holgrath Corp.*, supra, 49 Conn. App. 351–52 (after untimely judgment rendered, plaintiff filed motion to open judgment to submit additional evidence and thereafter failed to file seasonable objection to untimely decision); *Ippolito* v. *Ippolito*, 28 Conn. App. 745, 749, 612 A.2d 131 (start of 120 day deadline delayed by lack of objection to defendant's unsolicited brief), cert. denied, 224 Conn. 905, 615 A.2d 1047 (1992).

Likewise, these observations are consistent with "the clear intent of [§ 51-183b, which is] to place the onus on judges to decide cases in a timely fashion." *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 420, 426 A.2d 1324 (1980). "[A]s a practical matter, there is nothing that counsel can do to require the trial judge to comply with [§ 51-183b]. . . . Thus, the statute . . . attempts to balance judicial expediency with fairness to the parties and to reduce delays over which counsel have little, if any, control."[8] (Citations omitted.) *Gordon*

---

[8] We are mindful that fidelity to judicial expediency likewise places a burden on a party to object seasonably *after* late judgment has been rendered. Thus, "a judgment rendered [beyond the statutory deadline] is irregular but not void. If no timely and appropriate advantage is taken of the delay, it will be assumed that the parties consented to it." *Borden* v. *Westport*, 112 Conn. 152, 154, 151 A. 512 (1930); see also *Gordon* v. *Feldman*, 164 Conn. 554, 556–57, 325 A.2d 247 (1973) ("judicial economy dictates that the parties will be deemed to have consented to the delay if they fail to take timely and appropriate advantage of it").

v. *Feldman*, 164 Conn. 554, 556–57, 325 A.2d 247 (1973). "The salutary effect of [§ 51-183b] is to compel diligence and a prompt decision on the part of the judge who tried the case, and to avoid manifest disadvantages attendant on long delay in rendering judgment." Id., 556.

Guided by these principles, we conclude that the court implicitly made a finding of waiver that was clearly erroneous. As established above, absent waiver, a party voids what is until then only a voidable judgment by objecting to it. The petitioner objected to the void-able decision by filing a motion to set aside the judg-ment; therefore, the denial of the petitioner's motion to set aside the judgment could only have been made by finding waiver. The record, however, reveals that the only conduct that could serve as a basis for such waiver was the petitioner's silence. The habeas trial record shows that the trial concluded on August 28, 2008. Thereafter, neither party submitted any additional filings or requests, and there was no activity on the file until March 16, 2009, when the court rendered its judgment.[9] After judgment was filed, no other activity took place and the petitioner remained silent for nine days until, on March 25, 2009, he filed his motion to set aside the judgment.

The petitioner's *prejudgment* silence, however, occurred while he was under no duty to speak or to protest. Because "the most that can reasonably be required is objection seasonably made after the filing of the decision"; *Spelke* v. *Shaw*, supra, 117 Conn. 646; the passage of time after the expiration of the 120 day statutory deadline but prior to the filing of the decision, even if significant, cannot, in and of itself, create a duty to speak. See, e.g., *Connecticut Light & Power Co.* v.

[9] Moreover, in footnote 2 of its decision, the habeas court recognized that prior to rendition of its judgment neither party had objected to the late decision and indicated that a court may imply consent from such conduct.

*Costle,* supra, 179 Conn. 420 (passage of almost four years did not create duty to object prior to judgment being filed).

On the other hand, the petitioner's *postjudgment* silence did occur while he was under a duty to protest. In this context, a party is duty bound to raise an objection "seasonably" after judgment is rendered. See *Spelke* v. *Shaw,* supra, 117 Conn. 646. The petitioner, however, raised a seasonable objection by filing his motion to set aside the judgment nine days after the habeas court had rendered its judgment. See, e.g., *Connecticut Light & Power Co.* v. *Costle,* supra, 179 Conn. 420 (objection filed ten days after judgment rendered is seasonable and no claim of waiver or consent tenable); *Building Supply Corp.* v. *Lawrence Brunoli, Inc.,* 40 Conn. App. 89, 104, 669 A.2d 620 (motion filed five days after judgment rendered is seasonable objection), cert. denied, 236 Conn. 920, 674 A.2d 1326 (1996); compare *Dichello* v. *Holgrath Corp.,* supra, 49 Conn. App. 352 (objection filed 280 days after judgment rendered not seasonable); *Rowe* v. *Goulet,* supra, 89 Conn. App. 845–46 (objection raised for first time on appeal not seasonable objection). The petitioner's nine days of postjudgment silence, therefore, could not have effectuated a waiver of the requirement of § 51-183b.[10]

Our careful review of the record reveals that the only evidence on which the habeas court made its implicit finding of waiver was the petitioner's silence. Prior to rendition of judgment, however, the petitioner was under no duty to object. After judgment was rendered, the petitioner was under a duty to protest, and he did so by seasonably filing his motion to set aside the judgment

---

[10] We also note that the respondent essentially conceded in his brief to this court that the petitioner filed a seasonable objection by stating: "To be clear, this is not a case where we need to consider whether the timeliness of the petitioner's objection filed *after* the late judgment is valid or even at issue . . . ." (Emphasis in original.)

nine days later. Under such circumstances, we cannot conclude that the petitioner's silence was "the intentional relinquishment or abandonment of a known right or privilege, which is the cornerstone of a claim of waiver." *Citicorp Mortgage, Inc.* v. *Tarro*, 37 Conn. App. 56, 61, 654 A.2d 1238 (1995). The habeas court's finding of waiver was clearly erroneous and, accordingly, it was an abuse of discretion to deny the petitioner's motion to set aside the judgment. A new trial is required.[11]

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.

[11] See *Sanchez* v. *Prestia*, 29 Conn. App. 157, 161–62, 612 A.2d 824 ("[t]he consequence of the trial court's failure to render a decision within the statutory time limit is the revocation of the judgment eventually rendered, and the concomitant necessity for a new trial"), cert. denied, 224 Conn. 913, 617 A.2d 167 (1992).