FIBRE OPTIC PLUS, INC. *v.* XL SPECIALTY INSURANCE COMPANY ET AL.
(AC 30366)

Gruendel, Alvord and Sullivan, Js.

the record fails to reflect an otherwise appropriate basis for [the defendant's] disparate sentence").

Argued October 15—officially released December 7, 2010

*Campbell D. Barrett,* with whom, on the brief, were *Jon T. Kukucka* and *Felicia C. Hunt,* certified legal intern, for the appellants (defendants).

*James H. Howard,* for the appellee (plaintiff).

### Opinion

GRUENDEL, J. The defendants, XL Specialty Insurance Company (XL), American Networks International, LLC (American), and Semac Electric Company, Inc. (Semac), appeal from the judgment of the trial court, rendered after a trial to the court, in favor of the plaintiff, Fibre Optic Plus, Inc. On appeal, the defendants

claim that the court improperly (1) rendered judgment more than 120 days after the completion date of trial in violation of General Statutes § 51-183b and (2) concluded that they waived application of the 120 day requirement set forth therein. Although we disagree with the trial court's conclusion that the defendants waived application of § 51-183b, we nonetheless affirm the judgment of the trial court.

The following facts, as found by the court, and procedural history are relevant to the resolution of the defendants' appeal. In the spring and summer of 2005, Darien High School was undergoing a large scale renovation project (project). Semac was the general contractor retained by the town of Darien to oversee the project, and American was a subcontractor employed on the project by Semac. Additionally, in accordance with General Statutes § 49-41 (a),[1] XL, a bonding company, served as the surety for a payment bond underwriting the work performed on the project. Shortly after construction commenced, American approached the plaintiff, seeking assistance in completing wiring connection services for new computers being installed in the high school as part of the project. Pursuant to an oral agreement with American, the plaintiff subsequently provided substantial services for the project, yet was never fully reimbursed by American for its work. As such, in March, 2006, the plaintiff filed a five count complaint against American, Semac and XL,[2] seeking

[1] General Statutes § 49-41 (a) provides in relevant part: "Each contract exceeding one hundred thousand dollars in amount for the construction, alteration or repair of any public building or public work of the state or a municipality shall include a provision that the person to perform the contract shall furnish to the state or municipality . . . a bond in the amount of the contract which shall be binding upon the award of the contract to that person . . . for the protection of persons supplying labor or materials in the prosecution of the work provided for in the contract . . . ."

[2] Count one of the complaint, brought against XL, sought damages under General Statutes § 49-42 (a), which provides in relevant part: "Any person who performed . . . subcontracting work [pursuant to a contract within the scope of General Statutes § 49-41 (a)] . . . who has not received full

payment of the outstanding balance owed for services it rendered on the project.

In October, 2007, a four day trial to the court was held, with the close of evidence occurring on October 25, 2007. Following the close of evidence, extensive posttrial briefing ensued, and the final briefs were submitted on January 22, 2008. On May 14, 2008, in a memorandum of decision, the court ruled in favor of the plaintiff on counts two, three, four and five with respect to the liability of the defendants; however, the court did not award any damages to the plaintiff on those counts. With respect to count one, the court stated that it had "not felt sufficiently persuaded, in the absence of oral argument, as to which side must prevail, or, if the plaintiff prevails, which [theory] . . . would form the appropriate [basis for] recovery . . . ." The court further explained that it would "schedule a hearing in late May or early June, 2008, to consider argument of the parties" as to the appropriate basis for relief under count one and, at that time, would also "weigh and determine the costs, interest and attorney's fees with [regard] to all counts."[3]

Despite the court's scheduling proposal, by June, 2008, no hearing had taken place to resolve the lingering liability and damages issues. Then, on June 4, 2008, the

payment for such . . . work . . . may enforce such person's right to payment under the bond [provided for under § 49-41 (a)] . . . ." The remaining four counts of the complaint were brought against American and Semac, with causes of action sounding in breach of contract, unjust enrichment and violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. Also, we note that, although the initial complaint was amended in October, 2007, the operative complaint for purposes of this appeal is the March, 2006 complaint.

[3] Although the court did not specifically mention that it would also make a determination with respect to damages at the tentatively scheduled hearing, this conclusion is evident from the fact that the court did not award any damages in favor of the plaintiff in its May 14, 2008 memorandum of decision, as well as the fact that damages eventually were ordered on all counts at the final hearing on September 3, 2008.

defendants filed an "objection to the court's continued personal jurisdiction," claiming that the court had failed to render judgment within 120 days of the completion date of the trial in violation of § 51-183b. As argued by the defendants, because the court had failed to render a timely judgment in accordance with § 51-183b, the court could not "retain continuing personal jurisdiction over the parties," and any subsequent judgment against them would be voidable. On September 3, 2008, the hearing originally scheduled for May or June, 2008, was held. At the September 3, 2008 hearing, the court overruled the defendants' objection to its "continuing personal jurisdiction," rendered judgment in favor of the plaintiff on all counts, and awarded damages, including interest, attorney's fees and punitive damages, in accordance with its ruling. This appeal followed.

Subsequently, this court granted the defendants' motion for review of the trial court's denial of their motion for articulation, directing the court to "articulate whether it [had] found a waiver [by the defendants] of the 120 day rule, and, if so, the factual basis underlying [this] conclusion." In response, the court stated that the "defendants did impliedly, at least, waive the 120 day requirement," and alternatively, "waiver was not necessary [under § 51-183b], because [completion of] the [trial] . . . did not occur until the court made its last determination" on September 3, 2008, with judgment being rendered that same day.

The defendants now claim that the court improperly rendered its September 3, 2008 judgment more than 120 days after the completion date of trial in contravention of § 51-183b. Specifically, the defendants maintain that the 120 day time requirement began to run on the last day that posttrial briefs were submitted, or January 22, 2008. Therefore, the defendants argue, the court was required to render judgment on or before May 21, 2008, which it failed to do. Additionally, the defendants argue

that the court's conclusion that they had waived the application of the 120 day time requirement was clearly erroneous. We address each of the claims in turn.

I

The defendants first claim that the court improperly rendered judgment more than 120 days after the completion of trial in violation of § 51-183b. In support of this claim, the defendants assert that the appropriate date for assessing when the 120 day period began to run was the date that the final posttrial brief was filed, or January 22, 2008, rather than the date of the final hearing and argument on September 3, 2008. Our case law is clearly to the contrary.

Section 51-183b provides in relevant part: "Any judge of the Superior Court . . . who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the *completion date of the trial* of such civil cause. The parties may waive the provisions of this section." (Emphasis added.) In construing the meaning of the phrase " 'completion date of the trial'," our Supreme Court, in *Frank* v. *Streeter*, 192 Conn. 601, 604, 472 A.2d 1281 (1984), endorsed the principle that " 'completion' has been held to encompass the availability of all the elements directly or indirectly to be considered [by the trial court] in the rendering of a decision." More recently, this court has had the opportunity to elaborate on this principle in a case with a procedural posture similar to that in the present case.

In *Taylor* v. *King*, 121 Conn. App. 105, 110, 994 A.2d 330 (2010), the plaintiff brought a civil action against the defendant, alleging, inter alia, breach of contract, unjust enrichment and violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The matter was tried to the court in March, 2008,

and the presentation of evidence concluded on March 14, 2008. Id., 108, 110–11. "[Posttrial] [b]riefs were filed on April 22, 2008, and argument was held on May 27, 2008. On September 24, 2008, the court rendered judgment as to liability and damages in favor of the plaintiff on all counts . . . ." Id., 111. The defendant appealed, claiming, inter alia, that "the court [improperly] rendered judgment more than 120 days after the completion date of trial in violation of § 51-183b." Id. In support of his argument, the defendant maintained that the "completion date of trial was April 22, 2008, the date posttrial briefs were filed . . . ." Id., 113. Moreover, the defendant claimed that, because no evidence was received by the court during the May 27, 2008 argument, that date could not constitute the "completion date" under § 51-183b. Id., 114.

In rejecting the defendant's arguments in *Taylor*, this court held that the "completion date of trial was the date on which the court last heard argument on the issues of liability and damages before it rendered judgment on those issues . . . ." Id., 108. In so ruling, this court explained that "[r]egardless of whether evidence was taken [during argument on May 27, 2008], and despite the fact that . . . case law cited by both parties considers the filing of posttrial briefs as the completion of trial, there can be no doubt that the [May 27, 2008] hearing could 'be considered in the rendering of a decision'" within the meaning of *Frank*. Id., 114, citing *Frank* v. *Streeter*, supra, 192 Conn. 604. Thus, "[b]ecause it [was] unquestionable that this postbrief argument could be considered in the court's decision . . . the completion date of trial" was May 27, 2008, and the trial court properly rendered judgment within 120 days on September 24, 2008. *Taylor* v. *King*, supra, 121 Conn. App. 115.

Here, as in *Taylor*,[4] the defendants argue that the "completion date" of the trial for purposes of § 51-183b was the date that the final posttrial brief was filed, or January 22, 2008. The record, however, is clear that the date "on which the court last heard argument on the issues of liability and damages before it rendered judgment on those issues" was September 3, 2008. Id., 108. Despite the fact that the court previously had issued a memorandum of decision on May 14, 2008,[5] we cannot say that the subsequent September 3, 2008 hearing failed to "encompass . . . elements directly or indirectly . . . considered [by the court] in the rendering of [its final] decision." *Frank* v. *Streeter*, supra, 192 Conn. 604. As the defendants concede, "[t]he dispute underlying the present case was not, and could not have been, resolved until a decision on damages was rendered and a final determination as to count one was made." Nonetheless, the court only resolved the issue of liability and damages following the September 3, 2008 hearing at which both parties appeared and presented argument as to those issues. Consistent with *Taylor*, "[r]egardless of whether evidence was taken" by the court during the September 3, 2008 hearing, it is "unquestionable that this postbrief argument [was] considered in the court's [final] decision . . . ." *Taylor* v. *King*, supra, 121 Conn. App. 114–15.

---

[4] We note that neither party in *Taylor* petitioned our Supreme Court for certification to appeal to consider the principal issue involved in both that case and the present appeal. It is axiomatic that one panel of this court cannot overrule the precedent established by a previous panel's holding. See, e.g., *First Connecticut Capital, LLC* v. *Homes of Westport, LLC*, 112 Conn. App. 750, 759, 966 A.2d 239 (2009) ("this court's policy dictates that one panel should not, on its own, reverse the ruling of a previous panel" [internal quotation marks omitted]); *Boccanfuso* v. *Conner*, 89 Conn. App. 260, 285 n.20, 873 A.2d 208 (same), cert. denied, 275 Conn. 905, 882 A.2d 668 (2005). As such, we are bound in this case by this court's ruling in *Taylor*.

[5] Importantly, the court's May 14, 2008 memorandum of decision, rendered within 120 days of the filing of the final posttrial brief, specifically informed both parties of the need for further argument on the unresolved liability and damages issues. Were it otherwise, we would conclude that the court's September 3, 2008 judgment would be void under § 51-183b.

Thus, we conclude that the "completion date" of trial in the present case was September 3, 2008. We further conclude that, because the court rendered judgment that same day, the court fully complied with the 120 day time requirement set forth by § 51-183b. Accordingly, the defendants' claim fails.

## II

The defendants next claim that the court improperly determined that the "defendants [had] impliedly, at least, waive[d] [application of] the 120 day requirement," primarily by way of the defendants' "overall acquiescence with the litigation's progress . . . ." Recently, we declined to adopt such reasoning for purposes of finding waiver under § 51-183b, especially where, as here, a litigant files a seasonable objection.[6] See *Foote* v. *Commissioner of Correction*, 125 Conn. App. 296, 305, 8 A.3d 524 (2010) ("[b]ecause the most that can reasonably be required is objection seasonably made after the filing of the decision . . . the passage of time after the expiration of the 120 day statutory deadline but prior to the filing of the decision, even if significant, cannot, in and of itself, create a duty to

[6] The defendants in the present appeal objected to the court's "continuing personal jurisdiction" under § 51-183b fourteen business (court calendar) days after the court filed its initial May 14, 2008 memorandum of decision. Although we conclude that the court's September 3, 2008 judgment did not run afoul of § 51-183b, for purposes of waiver, we disagree with the court that the defendants failed to preserve application of the 120 day requirement set forth therein. See *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 420, 426 A.2d 1324 (1980) (objection filed ten days after judgment rendered is seasonable and no claim of waiver or consent tenable); *Foote* v. *Commissioner of Correction*, 125 Conn. App. 296, 8 A.3d 524 (2010) (motion to set aside judgment filed nine days after rendering of habeas decision is seasonable objection); *Building Supply Corp.* v. *Lawrence Brunoli, Inc.*, 40 Conn. App. 89, 104, 669 A.2d 620 (objection filed within five days of judgment being rendered constitutes seasonable objection), cert. denied, 236 Conn. 920, 674 A.2d 1326 (1996).

speak" [citation omitted; internal quotation marks omit-
ted]). Nonetheless, because we conclude that the court
appropriately rendered judgment within 120 days of the
completion date of trial pursuant to § 51-183b, there is
no need to consider further whether the defendants
waived the application of § 51-183b.

The judgment is affirmed.

In this opinion the other judges concurred.