## TOBIAS ANDERSON *v.* COMMISSIONER OF CORRECTION
## (AC 34281)

Robinson, Alvord and Lavery, Js.

Submitted on briefs September 25—officially released October 29, 2013

*Elio C. C. Morgan,* assigned counsel, filed a brief for the appellant (petitioner).

*Michael Dearington,* state's attorney, *Melissa Patterson,* assistant state's attorney, and *Jo Anne Sulik,* supervisory assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Tobias Anderson, appeals from that portion of the judgment of the habeas court dismissing count thirty-five of his amended petition for a writ of habeas corpus.[1] The petitioner claims

---

[1] This matter came before the habeas court in accordance with our decision in *Anderson* v. *Commissioner of Correction,* 114 Conn. App. 778, 971 A.2d 766, cert. denied, 293 Conn. 915, 979 A.2d 488 (2009), in which we reversed the habeas court's previous dismissal of the petitioner's thirty-seven count amended petition for a writ of habeas corpus as to counts twenty-six and thirty-five, and remanded the case for further proceedings on those counts in accordance with law. On remand, the habeas court, by stipulation of the parties, reinstated the petitioner's right to apply for sentence review pursuant to count twenty-six, but again dismissed count thirty-five. It is only the habeas court's dismissal of count thirty-five and its subsequent refusal to set aside that judgment that the petitioner now challenges in this appeal.

that the judgment was rendered more than 120 days after the completion of the habeas trial in violation of General Statutes § 51-183b, that he never waived the 120 day requirement, that he seasonably objected by filing a motion to set aside the untimely judgment, that the court abused its discretion by failing to grant the motion to set aside, and that, in accordance with this court's decision in *Foote* v. *Commissioner of Correction*, 125 Conn. App. 296, 8 A.3d 524 (2010), the judgment should be reversed and a new trial ordered. The respondent, the Commissioner of Correction, concedes those points in his brief. We also agree and, accordingly, reverse the judgment of the habeas court as it pertains to count thirty-five and remand the matter to that court for further proceedings on that count only.

"Habeas corpus is a civil action." *Collins* v. *York*, 159 Conn. 150, 153, 267 A.2d 668 (1970). Pursuant to § 51-183b, a trial court that has commenced a trial in a civil action is required to render judgment no more than 120 days after the completion of the trial, although the parties may waive that requirement. Failure to meet the 120 day deadline "implicates the trial court's power to continue to exercise jurisdiction over the parties before it." *Waterman* v. *United Caribbean, Inc.*, 215 Conn. 688, 692, 577 A.2d 1047 (1990). The lateness of a judgment may be waived by the conduct or the consent of the parties, and, thus, our Supreme Court has characterized a late judgment "as voidable rather than as void." Id. In *Foote* v. *Commissioner of Correction*, supra, 125 Conn. App. 296, this court considered whether a habeas petitioner had waived the 120 day requirement or otherwise had consented to a judgment rendered 200 days after the completion of the habeas trial by raising an objection to the timeliness of the judgment for the first time in a motion to set aside the judgment filed nine days after the filing of the habeas court's decision. This court held that waiver or consent

properly could not be inferred "from the mere inaction of a party prior to the time the judge files with the clerk his memorandum of decision"; (internal quotation marks omitted) id., 302; and that the habeas court abused its discretion by failing to grant the petitioner's seasonably filed motion to set aside the late judgment. Id., 306–307.

In the present case, the habeas trial was completed when the petitioner filed his posttrial reply brief on October 1, 2010. See *Frank* v. *Streeter*, 192 Conn. 601, 604, 472 A.2d 1281 (1984) (completion date of trial occurs upon termination of court hearing or upon subsequent submission of trial briefs to court). The habeas court issued a memorandum of decision on January 3, 2012, which was 460 days after the completion of the habeas trial. Eight days later, the petitioner seasonably filed a motion to set aside the judgment on the ground that the judgment was in violation of § 51-183b. The court denied the motion, noting only that "no objection [was] filed prior to issuance of decision." Thus, as in *Foote*, the court impermissibly inferred waiver or consent solely on the basis of the petitioner's inaction prior to the court's filing of its memorandum of decision, and likewise abused its discretion by failing to grant the motion to set aside the untimely judgment.

The judgment is reversed only as to the dismissal of count thirty-five of the amended petition and the case is remanded for further proceedings on that count in accordance with law. The judgment is affirmed in all other respects.